NO. 07-03-0369-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 22, 2004

_____

McKINLEY ROOSEVELT LEE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 10,278; HONORABLE TOM NEELY, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following his open plea of guilty, appellant McKinley Roosevelt Lee was convicted of aggravated robbery and punishment was assessed at 35 years confinement. In

presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We affirm and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief if he desired to do so. Appellant did not file a response and the State did not favor us with a brief.

During the punishment phase the victim testified that on March 15, 2004, at approximately 7:45 p.m., as she was attempting to get into her car, appellant approached her, stuck something in her side and said he was going to kill her or take her car. He grabbed her by the head, threw her into the car beside her car, grabbed her keys, and drove away in her car. Medical evidence established that the victim sustained serious bodily injury.

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Counsel raises one issue by which he concedes no good faith argument can be presented to challenge appellant's plea of guilty and his sentence. A review of the record establishes that appellant's plea was knowingly and voluntarily made. Counsel also notes that appellant had effective representation and thus, no argument can be made under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Also, the trial court is vested with a great degree of discretion in imposing an appropriate sentence. Jackson v. State, 680 S.W.2d 809, 814 (Tex.Cr.App. 1984). If the punishment assessed is within the statutory range, then it should not be disturbed on appeal. Nunez v. State, 565 S.W.2d 536, 538 (Tex.Cr.App. 1978). Aggravated robbery is a first degree felony punishable by imprisonment for life or for any term of not more than 99 years or less than five years. Tex. Pen. Code Ann. §§ 12.32(a) & 29.03(a)(1) (Vernon 2003). Thus, no error is presented in the trial court's assessment of a 35-year sentence.

We have also made an independent examination of the entire record to determine whether there are any other arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no non-frivolous issues and agree with counsel that the appeal is without merit. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

3