Carlos Leauvano **NUNEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 55394.

Court of Criminal Appeals of Texas,
En Banc.

May 10, 1978.

Ogden Hollis Pemberton, on appeal only,
Houston, for appellant.

Carol S. Vance, Dist. Atty., William W.
Burge and Tom Royce, Asst. Dist. Attys.,
Houston, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction of
burglary of a habitation where the trial was
before the court on a plea of guilty. The
court assessed punishment at eighteen (18)
years confinement in the Department of
Corrections. The sufficiency of the evi-
dence is not challenged by appellant.

Appellant's sole complaint on appeal is
that "the trial court erred in denying appel-
lant's motion to withdraw plea of guilty
and in denying the appellant's motion for a
new trial."

On August 18, 1976, appellant entered a
plea of guilty to the offense of burglary of
a habitation alleged to have occurred on or
about January 10, 1976, in Harris County.
The record reflects that appellant was ad-
monished pursuant to Art. 26.13, Vernon's
Ann.C.C.P. Additionally, appellant waived
his right to trial by jury in writing pursu-
ant to Arts. 1.13 and 1.14, Vernon's Ann.C.
C.P. Appellant also consented in writing,
in open court, to waive the appearance,
confrontation, cross-examination of wit-
nesses and further consented to an oral
stipulation of evidence of the burglary of a
habitation. The waiver was approved by
the court in writing and was filed with the
papers of the cause as provided by Art. 1.15,
Vernon's Ann.C.C.P. In addition to the
aforementioned waivers, appellant's written
stipulation of evidence judicially confessing
to the offense of burglary of a habitation
was admitted in evidence.

The record reflects that at the conclusion
of the proceeding the trial court found ap-
pellant guilty and asked the State and
counsel for appellant if there had been any
plea bargain entered into in this matter.
The State responded that the State had no
recommendation and that appellant's coun-
sel would like to have a pre-sentence inves-
tigation on appellant. The court then re-
cessed the hearing in order that a pre-sen-
tence investigation could be prepared prior
to an assessment of the punishment in this
case.

On September 1, 1976, the proceedings in this cause were continued in order that punishment could be assessed against appellant. Appellant's counsel called Tom Wells, a probation officer in Harris County who conducted the pre-sentence investigation of appellant, in order to have him testify as to the probation office's recommendation in this case. Wells stated that the report indicated that the probation office's recommendation to the court was that the maximum sentence allowed under the law be assessed appellant. In addition, the pre-sentence investigation was introduced into evidence in its totality.

Appellant then filed a motion to withdraw his plea of guilty on the grounds that the State in this cause had violated a plea agreement since the agreement was that there would be no recommendation by the prosecutor in this case and that appellant was induced to enter the plea of guilty on the basis of the statement that there would be no recommendation as to the punishment in this cause. The trial court listened to the argument of counsel concerning appellant's motion and after stating that he must take into consideration the full range of punishment, the court denied appellant's motion. Appellant's counsel then offered testimony from an employee of Cenikor Corporation, a drug abuse rehabilitation program, that the program would accept Nunez for treatment if he was placed on probation.

It is appellant's contention that the State of Texas violated the plea agreement with appellant by making a recommendation as to punishment through the pre-sentence investigative report requested by appellant since that report contained a recommendation that the trial court assess the maximum sentence under the law.

Prior to sentencing, appellant's motion for new trial which urged the same allegation contained in appellant's motion to withdraw his plea of guilty was overruled by the court. At the sentencing hearing the following colloquy took place:

"THE COURT: All right, so the matter was submitted to the Court—that is the question of punishment and the parties were allowed to examine the report and the examination conducted by the probation department. Now, what took place after that other than the assessment of punishment.

"MR. PEMBERTON:[1] Aside from the witness's testimony that's all.

"THE COURT: Well, did the State violate any agreement?

"MR. PEMBERTON: The prosecutor did not.

"THE COURT: And if so why?

"MR. PEMBERTON: The prosecutor himself made no recommendation.

"THE COURT: That's right.

"MR. PEMBERTON: But the probation officer is employed by the State.

"THE COURT: Is that all you have got to say?

"MR. PEMBERTON: Yes sir."

Consequently, as the record reflects, the prosecutor in this cause did not violate any plea bargaining agreement made with appellant's counsel, since the agreement apparently was that the district attorney's office would make no recommendation and no recommendation as to what punishment was made. The assumption made by appellant that a probation officer is an agent of the prosecution is invalid. Probation officers are assigned or designated by the courts. See Art. 42.12, Sec. 2(d), Vernon's Ann.C.C.P. The district attorney's office does not employ a probation officer nor do they have any authority over the probation officers.

The record reflects that prior to sentencing appellant testified that he believed that he would be placed in the Cenikor program if Cenikor would accept him; however, upon further examination appellant admitted that he understood the full range of punishment could be assessed and he knew that he could be sent to the penitentiary but thought that the judge would not do it and that the real basis for the motion for new trial in this cause was that the proba-

---

1. Appellant's counsel.

tion officer had made a recommendation for the maximum sentence to be imposed. Regardless of appellant's belief, the record reflects that the court in this cause substantially complied with Art. 26.13, supra, when appellant entered his plea of guilty. Appellant's contention that a plea bargain was violated by the recommendation contained in the presentence investigation requested by appellant is totally without merit. We also note that the punishment assessed by the court was not the maximum imposed by law as recommended by the probation office, but rather, was substantially below the maximum term of years. It is clear that the punishment assessed by the trial court came within the range of punishment established by law, and a penalty imposed within that range prescribed by the legislature will not be disturbed on appeal. *Ransonnette v. State*, 522 S.W.2d 509 (Tex.Cr.App.1975); *Jones v. State*, 504 S.W.2d 906 (Tex.Cr.App. 1974); *Herrera v. State*, 513 S.W.2d 71 (Tex.Cr.App.1974). We find no evidence that appellant's plea in this cause was coerced or obtained in violation of appellant's statutory or constitutional rights.

Appellant's sole ground of error is overruled.

The judgment is affirmed.

ONION, Presiding Judge, concurring.

The sole question raised by the appellant is that the court erred in denying his motion to withdraw his guilty plea.

On August 18, 1976 appellant entered a plea of guilty to the offense of burglary of a habitation. He was duly admonished in accordance with Article 26.13, V.A.C.C.P., and after certain stipulations were entered into and offered into evidence the court found the appellant guilty. A definite penalty is an essential element of a judgment, but no punishment was assessed and the case was passed for a pre-sentence investigation.

On September 1, 1976 the case was again called at which time appellant called Tom Wells, a Harris County probation officer, as a witness and established that in the presentence investigation report Wells had rec-

ommended to the court that maximum penalty permissible under the law be considered by the court as punishment in the instant case.

At this point the appellant moved to withdraw his guilty plea on the ground that there was a plea bargain that the State would make no recommendation as to punishment, and that while the assistant district attorney had made no recommendation, a recommendation as to punishment had been made by the probation officer, a representative of the State or county. He contended such action was in violation of *Davis v. State*, 463 S.W.2d 434 (Tex.Cr.App. 1971); and *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Appellant's motion to withdraw his guilty plea was denied. Thereafter at the "penalty" stage of the proceedings appellant offered the testimony of a representative of Cenikor Foundation, Inc., a behavior training facility for individuals with drugs, or alcoholic, or criminal behavior problems, who related that Cenikor would accept the appellant for treatment if he were placed on probation. Appellant then testified in his own behalf.

I concur with the majority opinion that the plea bargain established to have been made was not broken by the prosecutor as he made no recommendation. The probation officer was not part of the prosecution team and is appointed and acts under the authority of the court. See Article 42.12, V.A.C.C.P.

Although there is no merit to the basis stated for withdrawing the guilty plea, the question remains as to whether, in light of the procedure here used, the appellant had a right to withdraw his plea at the time of his motion without assigning any reason therefor.

A liberal practice prevails in this state concerning the withdrawal of a guilty plea, *Garcia v. State*, 91 Tex.Cr.R. 9, 237 S.W. 279 (Tex.Cr.App.1921); *Stanton v. State*, 159 Tex.Cr.R. 275, 262 S.W.2d 497 (Tex.Cr.App. 1953), and a defendant may withdraw his guilty plea as a matter of right without

assigning reason until such judgment has been pronounced or the case been taken under advisement. *Milligan v. State*, 168 Tex.Cr.R. 202, 324 S.W.2d 864 (Tex.Cr.App. 1959); *Rumage v. State*, 324 S.W.2d 865 (Tex.Cr.App.1959); *Stanton v. State*, supra; *Ralls v. State*, 151 Tex.Cr.R. 146, 205 S.W.2d 594 (Tex.Cr.App.1947).

Article 27.13, V.A.C.C.P., provides:

"A plea of 'guilty' or a plea of 'nolo contendere' in a felony case must be made in open court by the defendant in person; and the proceedings shall be as provided in Articles 26.13, 26.14 and 27.02. If the plea is before the judge alone, same may be made in the same manner as is provided for by Articles 1.13 and 1.15."

The procedure set forth for guilty pleas calls for a unitary trial, not a bifurcated one. Article 37.07, V.A.C.C.P., is, by its very terms, not applicable to pleas of guilty either before the court or jury in a felony case. *Basaldua v. State*, 481 S.W.2d 851, 853 (Tex.Cr.App.1972); see also *Johnson v. State*, 492 S.W.2d 505 (Tex.Cr.App.1973); *Morales v. State*, 416 S.W.2d 403 (Tex.Cr. App.1967).

If a trial judge bifurcates a guilty plea proceeding into guilt and penalty stages without objection, there would appear to be no reversible error, but it may create more problems than it solves. In the instant case the court accepted the guilty plea and found the appellant guilty at the initial stage of the proceedings, but no punishment was assessed. As the assessment of punishment is an essential element of a judgment (Article 42.01(10), V.A.C.C.P.), it is clear judgment had not been pronounced at the time the motion to withdraw the guilty plea at the "penalty" stage of the proceedings was made. Had the court sufficiently taken the case under advisement so as to foreclose the absolute right to withdraw the guilty plea? All the cited cases were decided under the former Code of Criminal Procedure when the unitary trial procedure prevailed and are of little assistance in view of the proceedings engaged in here. The court had already found the

appellant guilty, and although there was no motion for probation, had ordered a presentence investigation to determine the punishment. I would conclude, although not without difficulty, that the court had sufficiently taken the case under advisement to foreclose the absolute right to withdraw the guilty plea.

I would add a word of caution to trial judges about the use of pre-sentence reports to determine punishment. The only reference in the Code of Criminal Procedure to a pre-sentence investigation or report by a probation officer is found in the Adult Probation Parole and Mandatory Supervision Law. See Article 42.12(4), V.A.C.C.P. It was obviously designed as a tool to aid the trial judge in passing upon the question of whether probation should be granted. *McNeese v. State*, 468 S.W.2d 800, 801 (Tex. Cr.App.1971); *Clay v. State*, 518 S.W.2d 550 (Tex.Cr.App.1975). As stated in *Rodriguez v. State*, 502 S.W.2d 13 (Tex.Cr.App.1973):

"The primary purpose of the pre-sentence report is to provide the trial court with succinct and precise information upon which to base a rational decision on the motion for probation. Cf. American Bar Association Project on Standards for Criminal Justice Standards Relating to Probation, Part II, Sec. 2.2, p. 11 (Approved Draft 1970)."

While this court has stated it is desirable to utilize such pre-sentence reports for the purpose for which it was designed, *Trevino v. State*, 519 S.W.2d 864 (Tex.Cr.App.1975), it has also been observed that these reports often contain reports of arrests not resulting in final convictions, *McNeese v. State*, supra; *Valdez v. State*, 491 S.W.2d 415 (Tex.Cr.App.1973), reports of pending indictments, *Clay v. State*, supra, and hearsay statements. *Brown v. State*, 478 S.W.2d 550 (Tex.Cr.App.1972). In addition to the extraneous offenses, these reports often contain interviews with the defendant's spouse resulting in information to which the spouse could not give in open court. See Article 38.11, V.A.C.C.P.

While many of these matters can be considered by the court in passing upon the

issue of probation, they would not be considered admissible on the issue of guilt or upon the issue of the punishment.[1] Punishment should be assessed at the time of the guilty plea upon evidence properly admitted under the rules of evidence, including evidence that relates to appellant's prior criminal record. If there be a pre-sentence report, it should be used to determine the question of granting probation alone. This would avoid any argument that in assessing punishment the court took into consideration arrest reports not resulting in final convictions, extraneous offenses, hearsay, rumors, etc., which frequently find their way into pre-sentence reports and which should not be used in determining punishment.

For the reasons stated, I concur.

---

1. Although, as observed earlier, Article 37.07, V.A.C.C.P., does not by its very terms apply to guilty pleas before the court or the jury in felony cases, it contains this language in § 3(a) thereof:

"Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty.

"(a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged."

There appears no reason why such evidence could not be offered in pleas of guilty in felony cases before the court or jury. The above quoted provision represented a progressive step over the former Code of Criminal Procedure, but the Legislature was careful to define prior criminal records. The provision does not permit the introduction of arrests not resulting in convictions, hearsay, etc. ·