COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-067-CR
 
VINCENT PAUL ROCHA                                                        
   APPELLANT
V.
THE STATE OF
TEXAS                                                               
STATE
------------
FROM THE 396TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
        Vincent Paul Rocha appeals his
ten-year sentence for indecency with a child. In his sole point on appeal,
appellant contends that the trial court abused its discretion in assessing his
punishment at ten years' incarceration. We will affirm.
        Appellant contends that the trial
court abused its discretion by sentencing him to ten years' incarceration. A
trial court, however, is vested with a great degree of discretion in imposing an
appropriate sentence. Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim.
App. 1984). It is the general rule that as long as a sentence is within the
proper range of punishment and has a factual basis in the record, it will not be
disturbed on appeal. Nunez v. State, 565 S.W.2d 536, 538 (Tex. Crim.
App. 1978); see also Jackson, 680 S.W.2d at 814 (holding that
a trial court abuses its discretion when it imposes a sentence upon a defendant
without having any factual basis for that sentence).
        In this case, appellant entered an
open plea of guilty to the offense of indecency with a child for fondling his
nine-year-old stepdaughter. Indecency with a child is a second degree felony
that carries a sentence of not less than two years and not more than twenty
years' incarceration. Tex. Penal Code Ann. §§ 12.33(a), 21.11(d) (Vernon
2003). The trial court ordered appellant to submit to a presentence
investigation and psychological assessment before the punishment hearing.
        At the punishment hearing, the
victim testified that appellant repeatedly pulled down her panties, kissed her
on her "butt," touched her on her vagina, and watched her while she
was bathing. As a result of the fondling, the victim stated that she had a
general fear of being alone with men. The victim's mother testified that the
victim had notified her of appellant's behavior and told her that he had also
put his hand between her legs and pulled her towards him. She also stated that
the victim was generally afraid of men.
        Appellant's mother testified on
his behalf and stated that he had been a good son and that he was very helpful.
On cross-examination, however, she admitted that appellant had a prior juvenile
conviction for theft as well as two or three driving while intoxicated
convictions. She stated that she believed that he "probably did pull [the
victim's] panties down and kiss her on the area of the hip and the butt"
and that he may have accidentally touched her, but she did not believe that his
conduct was intentional. Although she believed that he would follow the rules
imposed upon him if placed on community supervision, she admitted that he had
already violated his probation officer's order not to leave the state.
        Appellant took the stand and
admitted that he had fondled the victim and that he found her sexually
attractive. He also stated that he had been grooming her for a possible future
sexual encounter. Appellant further admitted that he had lied to the probation
officer preparing the presentence investigation and psychologist about fondling
the victim. He stated that he did not deserve probation, but that he was asking
the court to show him mercy.
        Appellant's brother also testified
on his behalf. He stated that he was impressed by appellant's contrition and
that he would be willing to help appellant in any way necessary if the trial
judge were to grant him probation. He also testified, however, that he was
uncertain as to whether he would want appellant living with him if his own
children were between seven and eight years of age.
        At the conclusion of the
sentencing hearing, the trial judge stated that this case presented a
"close call" as to whether probation would be an option. Because
appellant told the probation officer and psychologist a story different from the
one he relayed in court, the trial court ordered appellant to undergo further
psychological testing. After hearing closing arguments and reviewing the final
report, the trial court sentenced appellant to ten years' incarceration.
        Based on the record and sentence
assessed in this case, we cannot say that the trial court abused its discretion
in sentencing appellant to ten years' incarceration. The sentence assessed was
within the statutory range for this crime, and the sentence is supported by
facts contained in the record. Accordingly, we overrule appellant's sole point
and affirm the trial court's judgment.
 
                                                                  
JOHN CAYCE
                                                                  
CHIEF JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 22, 2003

1. See Tex. R. App. P.
47.4.