Rocha v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-067-CR

VINCENT PAUL ROCHA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Vincent Paul Rocha appeals his ten-year sentence for indecency with a child.  In his sole point on appeal, appellant contends that the trial court abused its discretion in assessing his punishment at ten years’ incarceration.  We will affirm.

Appellant contends that the trial court abused its discretion by sentencing him to ten years’ incarceration.  A trial court, however, is vested with a great degree of discretion in imposing an appropriate sentence.  
Jackson v. State
, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  It is the general rule that as long as a sentence is within the proper range of punishment and has a factual basis in the record, it will not be disturbed on appeal.  
Nunez v. State
, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978); 
see also
 
Jackson
, 680 S.W.2d at 814 (holding that a trial court abuses its discretion when it imposes a sentence upon a defendant without having any factual basis for that sentence)
.

In this case, appellant entered an open plea of guilty to the offense of indecency with a child for fondling his nine-year-old stepdaughter.  Indecency with a child is a second degree felony that carries a sentence of not less than two years and not more than twenty years’ incarceration.  
Tex. Penal Code Ann.
 §§ 12.33(a), 
21.11(d) (Vernon 2003).  
The trial court ordered appellant to submit to a presentence investigation and psychological assessment before the punishment hearing.  

At the punishment hearing, the victim testified that appellant repeatedly pulled down her panties, kissed her on her “butt,” touched her on her vagina, and watched her while she was bathing.  As a result of the fondling, the victim stated that she had a general fear of being alone with men.  
The victim’s mother testified that the victim had notified her of appellant’s behavior and told her that he had also put his hand between her legs and pulled her towards him.  She also stated that the victim was generally afraid of men. 

Appellant’s mother testified on his behalf and stated that he had been a good son and that he was very helpful.  
On cross-examination, however, she admitted that appellant had a prior juvenile conviction for theft as well as two or three driving while intoxicated convictions.  She stated that she believed that he “probably did pull [the victim’s] panties down and kiss her on the area of the hip and the butt” and that he may have accidentally touched her, but she did not believe that his conduct was intentional.  Although she believed that he would follow the rules imposed upon him if placed on community supervision, she admitted that he had already violated his probation officer’s order not to leave the state. 

Appellant took the stand and admitted that he had fondled the victim and that he found her sexually attractive.  He also stated that he had been grooming her for a possible future sexual encounter.  Appellant further admitted that he had lied to the probation officer preparing the presentence investigation and psychologist about fondling the victim.  He stated that he did not deserve probation, but that he was asking the court to show him mercy. 

Appellant’s brother also testified on his behalf.  He stated that he was impressed by appellant’s contrition and that he would be willing to help appellant in any way necessary if the trial judge were to grant him probation.  He also testified, however, that he was uncertain as to whether he would want appellant living with him if his own children were between seven and eight years of age. 

At the conclusion of the sentencing hearing, the trial judge stated that this case presented a “close call” as to whether probation would be an option.  Because appellant told the probation officer and psychologist a story different from the one he relayed in court, the trial court ordered appellant to undergo further psychological testing.
  
After hearing closing arguments and reviewing the final report, the trial court sentenced appellant to ten years’ incarceration.

Based on the record and sentence assessed in this case, we cannot say that the trial court abused its discretion in sentencing appellant to ten years’ incarceration.  The sentence assessed was within the statutory range for this crime, and the sentence is supported by facts contained in the record.  Accordingly, we overrule appellant’s sole point and affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: May 22, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.