COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-139-CR

  
LARRY 
WAYNE YORK                                                            APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Larry Wayne York pleaded guilty to aggravated sexual assault of a child, and in 
accordance with a plea bargain agreement the trial court placed him on ten 
years’ deferred adjudication. The State subsequently filed a petition to 
proceed to adjudication, alleging that York had violated the terms of his 
probation in several respects, including by using methamphetamine, by failing to 
report to his probation officer, by failing to pay various fees, and by being 
terminated from the sex offender treatment program for failing to attend 
required sessions. York pleaded true to several of the allegations in the 
State’s petition but testified to explain why he had violated the terms of his 
probation. York testified that he used methamphetamine because he has a brain 
tumor, that he did not have a job and was therefore unable to pay his court 
costs and fees and that he could not obtain transportation to his sex offender 
treatment sessions. The trial court found that York had violated his probation, 
adjudicated him guilty of aggravated sexual assault of a child, and sentenced 
him to fifteen years’ confinement.
        In 
a single point, York claims that the trial court abused its discretion by 
assessing punishment at fifteen years’ confinement.[2]  
York concedes that the sentence is within the statutorily authorized range, but 
contends that a fifteen- year prison sentence is outside the zone of reasonable 
disagreement and constituted an abuse of discretion in light of York’s 
explanations for his probation violations. We review a sentence imposed by the 
trial court for an abuse of discretion. Jackson v. State, 680 S.W.2d 809, 
814 (Tex. Crim. App. 1984). When the standard of review is abuse of discretion, 
the record must simply contain some evidence to support the decision made by the 
trial court. Brumbalow v. State, 933 S.W.2d 298, 300 (Tex. App.—Waco 
1996, pet. ref'd). The range of punishment available for aggravated sexual 
assault of a child is five years’ to life imprisonment. See Tex. Penal Code Ann. § 12.32 (Vernon 2003).  As a 
general rule, a sentence within the proper range of punishment will not be 
disturbed on appeal.  See Jackson, 680 S.W.2d at 814; Nunez v. 
State, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978).
        Here, 
although the applicable range of punishment extended up to life in prison, the 
trial court sentenced York to fifteen years’ confinement. The record before us 
contains some evidence supporting the trial court’s sentencing decision. York 
took methamphetamine and failed to complete his sex offender treatment program. 
Conversely, there is nothing in the record before us to support York’s claim 
that the trial court’s fifteen-year sentence is outside the zone of reasonable 
disagreement even considering York’s explanations for his probation 
violations.
        We 
overrule York’s sole point and affirm the trial court’s judgment.

  
                                                          SUE 
WALKER
                                                          JUSTICE

  
PANEL 
B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.
 
                
LIVINGSTON, J. concurs without opinion.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 19, 2004


NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
The trial court’s certificate of right to appeal grants York the right to 
appeal his punishment. See Tex. R. App. P. 25.2(a)(2), (d).