Larry Wayne York v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-139-CR

LARRY WAYNE YORK APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Larry Wayne York pleaded guilty to aggravated sexual assault of a child, and in accordance with a plea bargain agreement the trial court placed him on ten years’ deferred adjudication.  The State subsequently filed a petition to proceed to adjudication, alleging that York had violated the terms of his probation in several respects, including by using methamphetamine, by failing to report to his probation officer, by failing to pay various fees, and by being terminated from the sex offender treatment program for failing to attend required sessions.  York pleaded true to several of the allegations in the State’s petition but testified to explain why he had violated the terms of his probation. York testified that he used methamphetamine because he has a brain tumor, that he did not have a job and was therefore unable to pay his court costs and fees and that he could not obtain transportation to his sex offender treatment sessions.  The trial court found that York had violated his probation, adjudicated him guilty of aggravated sexual assault of a child, and sentenced him to fifteen years’ confinement.

In a single point, York claims that the trial court abused its discretion by assessing punishment at fifteen years’ confinement.
(footnote: 2)  York concedes that the sentence is within the statutorily authorized range, but contends that a fifteen- year prison sentence is outside the zone of reasonable disagreement and constituted an abuse of discretion in light of York’s explanations for his probation violations.  We review a sentence imposed by the trial court for an abuse of discretion.  
Jackson v. State
, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  When the standard of review is abuse of discretion, the record must simply contain some evidence to support the decision made by the trial court. 
Brumbalow v. State
, 933 S.W.2d 298, 300 (Tex. App.—Waco 1996, pet. ref'd).  The range of punishment available for aggravated sexual assault of a child is five years’ to life imprisonment.  
See
 
Tex. Penal Code Ann.
 § 12.32 (Vernon 2003).  As a general rule, a sentence within the proper range of punishment will not be disturbed on appeal.  
See Jackson
, 680 S.W.2d at 814; 
Nunez v. State
, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978).

Here, although the applicable range of punishment extended up to life in prison, the trial court sentenced York to fifteen years’ confinement.  The record before us contains some evidence supporting the trial court’s sentencing decision.  York took methamphetamine and failed to complete his sex offender treatment program.  Conversely, there is nothing in the record before us to support York’s claim that the trial court’s fifteen-year sentence is outside the zone of reasonable disagreement even considering York’s explanations for his probation violations.

We overrule York’s sole point and affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

LIVINGSTON, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: February 19, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
The trial court’s certificate of right to appeal grants York the right to appeal his punishment.  
See
 
Tex. R. App. P.
 25.2(a)(2), (d).