Opinion issued July 22, 2004














In The
Court of Appeals
For The
First District of Texas




NO. 01-00-00917-CR
NO. 01-00-00918-CR




MICHAEL EDWARD HOOVER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause Nos. 831439 and 831440




MEMORANDUM OPINION
           Without an agreed recommendation, appellant pleaded guilty to two indictments for
aggravated sexual assault of a child. After a presentence investigation, the trial court
assessed punishment at confinement for 40 years on each offense, to run concurrently. 
           Appellant brings three points of error: (1) his sentence in each case violates his due
course of law rights under the Texas Constitution; (2) his sentence in each case violates the
Eighth and Fourteenth Amendments to the United States Constitution; and (3) the trial
court’s failure to appoint appellate counsel to assist in the timely filing of a motion for new
trial denied appellant the effective assistance of counsel on appeal.
           We affirm. 
Excessive Sentences
           In his first two points of error, appellant contends that his 40-year prison sentences
are excessive and constitute cruel and unusual punishment, violating his due courseof law
rights under Article 1, section 19 of the Texas Constitution and his rights under the Eighth
and Fourteenth Amendments of the U.S. Constitution. We will not overturn a trial judge’s
decision on punishment absent an abuse of discretion. See Jackson v. State, 680 S.W.2d 809,
814 (Tex. Crim. App. 1984). 
           As a general rule, a trial court’s assessment of punishment will not be disturbed on
appeal if it falls within the statutory limits. See id.; Nunez v. State, 565 S.W.2d 536, 538
(Tex. Crim. App. 1978). Punishment assessed within the statutory limits is generally not
cruel and unusual punishment. See Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim. App.
1972); Cooks v. State, 5 S.W.3d 292, 298-99 (Tex. App.—Houston [14th Dist.] 1999, no
pet.). The range of punishment for a first-time offender for a first-degree felony is from five
years to 99 years or life imprisonment. Tex. Penal Code Ann. § 12.32 (Vernon 2003). 
Appellant’s 40-year sentences fall within the specified range. 
           It is possible for a sentence within the statutorily permissible range to violate
constitutional rights. See Solem v. Helm, 463 U.S. 277, 303, 103 S. Ct. 3001, 3016-17 (1983)
(concluding that punishment of life imprisonment without possibility of parole for offense
of negotiating “no account” check for $100 enhanced by prior felonies was prohibited by
Eighth Amendment). However, appellant waived any such complaints by his failure to
timely object in the trial court. See Solis v. State, 945 S.W.2d 300, 301 (Tex. App.—Houston
[1st Dist.] 1997, pet. ref’d). 
           We overrule appellant’s first two points of error.
Appointment of Appellate Counsel
           In his third point of error, appellant asserts that he was denied effective assistance of
counsel during the time for filing a motion for new trial because the trial court “neglected”
to appoint appellate counsel.


 Appellant argues that the trial court allowed the appeal “to just
languish” after the notice of appeal was filed and did not appoint counsel until “a time well
after the time period” for filing a motion for new trial. Appellant seeks an abatement of these
appeals and a remand to the trial court so that he can file an out-of-time motion for new trial
in each case and have an evidentiary hearing. 
           The date sentence was imposed was June 28, 2000. Appellant did not file a motion
for new trial. Appellant filed a pro se notice of appeal on July 20—22 days after
sentencing—and attached to the notice a list of complaints about his attorney. However,
appellant did not file his request for court-appointed counsel until August 17—50 days after
sentencing. Thus, appellant did not request appointed counsel until after the time for filing
a motion for new trial had expired. 
           There is no evidence in the record, such as a motion to withdraw or a notation on the
docket sheet, indicating that appellant’s trial counsel no longer represented him during the
period for filing a motion for new trial.


 The mere fact that appellant filed the pro se notice
of appeal is not evidence that he did not have legal counsel during the time for filing the
motion for new trial or that his counsel had a conflict of interest that would have precluded
his representing appellant on appeal. See Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim.
App. 1998). There is nothing in the record prior to appellant’s August 17 request that would
have put the trial court on notice that appellate counsel should have been appointed. 
Appellant has waived his complaint. See Tex. R. App. P. 33.1(a).
           Accordingly, we overrule appellant’s third point of error.
CONCLUSION
           We affirm the trial court’s judgment in each appeal.
 
 
                                                                  Sam Nuchia
                                                                  Justice

Panel consists of Justices Nuchia, Alcala, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).