TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00216-CR






Randall Wynn Blue, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-03-0543-S, HONORABLE BEN WOODWARD, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Appellant Randall Wynn Blue pleaded guilty to two counts of assault against a family
member, enhanced by a previous family assault. See Tex. Pen. Code Ann. § 22.01(a)(1), (b)(2)
(West Supp. 2004-05). After hearing testimony relevant to sentence, the court assessed a seven-year
prison term. We affirm the judgment.

Appellant contends that his Sixth Amendment confrontation right was violated by the
admission in evidence of the complainant's out-of-court statements to a police officer and to a
hospital nurse. (1) U.S. Const. amend. VI. The statements were admitted over appellant's hearsay
objections under the excited utterance and medical treatment exceptions. See Tex. R. Evid. 803(2),
(4). Appellant did not object on confrontation grounds, and thus failed to preserve his Sixth
Amendment contention for appeal. Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a). Even
constitutional error may be waived by a failure to object. Briggs v. State, 789 S.W.2d 918, 924 (Tex.
Crim. App. 1990). Point of error two is overruled.

Appellant's other complaint is that the seven-year sentence is excessive and thus an
abuse of the trial court's discretion. He concedes that as a general rule, a sentence within the range
prescribed for the offense will not be disturbed on appeal. See Nunez v. State, 565 S.W.2d 536, 538
(Tex. Crim. App. 1978); Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972). Appellant
does not explain why his case should be an exception to this rule. Point of error one is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: July 12, 2005

Do Not Publish

1. The complainant did not testify.