Chapman v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-545-CR

       
2-04-546-CR

       2-04-547-CR

CHARLES STEVEN CHAPMAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In a single point, Charles Steven Chapman asserts that the trial court abused its discretion in assessing his punishment following non-negotiated pleas to attempted sexual assault (guilty), improper photography/visual recording of another (guilty), and promotion of child pornography (no contest).  We affirm.

II.  Background

Chapman pled guilty to a charge of attempted sexual assault, which has a punishment range between two and ten years and up to a $10,000 fine, and was assessed a punishment of eight years’ confinement in the Institutional Division of the Texas Department of Criminal Justice (IDTDCJ) by the court.  He pled guilty to a charge of improper photography/visual recording, which has a punishment range between 180 days and two years and up to a $10,000 fine, and was assessed a punishment of two years’ confinement in the State Jail Division of the Texas Department of Criminal Justice (SJD/TDCJ) by the court.  He pled no-contest to a charge of promotion of child pornography, which has a punishment range between two and twenty years and up to a $10,000 fine, and was assessed a punishment of fifteen years’ confinement in the IDTDCJ by the court.  In connection with the entry of his pleas, Chapman acknowledged that he understood the punishment ranges for his offenses and that the court could sentence him within the ranges allowed by law.  A stipulation in connection with the no-contest plea included an understanding that Officer Crouch of the Arlington Police Department would testify that an analysis of Chapman’s computer yielded thirty-eight CD rom discs containing 231 images of child pornography including depictions of genitals, deviate sexual conduct, and sexual conduct between children and between children and adults.  

At the punishment hearing, three months after the entry of his pleas, and the court having reviewed his presentence investigation report (PSI), the court took judicial notice of the court’s file at the unobjected-to request of the State, which file included the PSI. 

The lengthy and detailed PSI included a psychosexual assessment and penile plethysmograph.  Among other things, the PSI indicated a lack of truthfulness and deception displayed by Chapman to the PSI writer and on the penile plethysmograph.  It appeared Chapman was unable to sexually discriminate between appropriate sexual arousal to adults and deviate sexual arousal to children.  He also had asked some of his victims or potential witnesses to say his conduct was consensual, to “talk good” about him and to testify for him.  He said that some of his victims led him to believe that sex was in exchange for  a massage he gave them, and that he found a “certain beauty” in images of nude teenage girls, but that he did not view most of the downloaded pornography. 

Mark Yarbo and Dawn Yarbo, appellant’s former father-in-law and mother-in-law, testified for Chapman, indicating that he was successful at business, was a good father to his daughter, was remorseful, 
and should receive help, and would respond to treatment.

III.  Analysis and Application

A trial court . . . is vested with a great degree of discretion in imposing an appropriate sentence.  
Jackson v. State
, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  It is the general rule that as long as a sentence is within the proper range of punishment and has a factual basis in the record, it will not be disturbed on appeal.  
Nunez v. State
, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978); 
see also Jackson
, 680 S.W.2d at 814 (holding that a trial court abuses it discretion when it imposes a sentence upon a defendant without having any factual basis for that sentence).

Rocha v. State
, No. 2-02-067-CR, 2003 WL  21197412, at *1 (Tex. App.—Fort Worth May 22, 2003, no pet.) (not designated for publication) (mem. op.).  The discretion of a trial judge when assessing a sentence is limited only by the maximum sentence allowed by law.  
Tamminen v. State
, 653 S.W.2d 799, 803 (Tex. Crim. App. 1983).  In determining whether the trial court abused its discretion, the appellate court must uphold the trial court’s ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case.  
Brito Carrasco v. State,
 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).  Chapman contends that trial court “ignored the significant evidence of [Chapman’s] childhood abuse in assessing penitentiary sentences in all three cases.”  Considering that the punishments were within the range allowed by law and considering the evidence before the court including the stipulation regarding the CD roms, we cannot say that the trial court abused its discretion in the sentences assessed.  Chapman’s sole point is overruled.

IV.  Conclusion

Having overruled Chapman’s sole point, the judgments of the trial court are affirmed.

PER CURIAM

PANEL F: MCCOY, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 25, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.