William Frank Lingle v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-582-CR

WILLIAM FRANK LINGLE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 415
TH
 DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

After pleading guilty to felony DWI pursuant to a plea bargain, Appellant William Frank Lingle was convicted of the offense and sentenced to ten years’ confinement in the Institutional Division of the Texas Department of Criminal Justice and a $2,000 fine.  The trial court suspended the confinement and placed Appellant on community supervision for six years.  Almost five years later, the State filed a motion to revoke Appellant’s community supervision.  After a hearing, the trial court revoked Appellant’s community supervision and sentenced him to nine years’ confinement.  Appellant appeals from that judgment.

Appellant does not challenge the revocation.  Instead, in one point, Appellant contends that the trial court abused its discretion in assessing Appellant’s sentence because, according to Appellant, the trial court appears to have disregarded evidence of Appellant’s learning problems.  A trial court has wide discretion in imposing an appropriate sentence.
(footnote: 2)  Generally, as long as a sentence is within the range of punishment and has a factual basis in the record, it will not be disturbed on appeal.
(footnote: 3)
 Appellant does not point to any evidence in the record that shows that the trial court ignored the evidence, and we will not presume that the trial court did so.  We note that the trial court sentenced Appellant to a shorter term of confinement than he originally agreed to serve and that his sentence is within the range of punishment for his offense.  We hold that the trial court did not abuse its discretion in assessing Appellant’s sentence and overrule his sole point.

Having overruled Appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F:  DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 31, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Jackson v. State
, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).

3:
Nunez v. State
, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978).