COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-04-582-CR


WILLIAM FRANK LINGLE                                                        APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION [1]

------------
        After pleading guilty to felony DWI pursuant to a plea bargain, Appellant
William Frank Lingle was convicted of the offense and sentenced to ten years’
confinement in the Institutional Division of the Texas Department of Criminal
Justice and a $2,000 fine. The trial court suspended the confinement and
placed Appellant on community supervision for six years. Almost five years
later, the State filed a motion to revoke Appellant’s community supervision. 
After a hearing, the trial court revoked Appellant’s community supervision and
sentenced him to nine years’ confinement. Appellant appeals from that
judgment.
        Appellant does not challenge the revocation. Instead, in one point,
Appellant contends that the trial court abused its discretion in assessing
Appellant’s sentence because, according to Appellant, the trial court appears
to have disregarded evidence of Appellant’s learning problems. A trial court has
wide discretion in imposing an appropriate sentence. [2] Generally, as long as a
sentence is within the range of punishment and has a factual basis in the
record, it will not be disturbed on appeal. [3]
        Appellant does not point to any evidence in the record that shows that
the trial court ignored the evidence, and we will not presume that the trial court
did so. We note that the trial court sentenced Appellant to a shorter term of
confinement than he originally agreed to serve and that his sentence is within
the range of punishment for his offense. We hold that the trial court did not
abuse its discretion in assessing Appellant’s sentence and overrule his sole
point.
        Having overruled Appellant’s sole point, we affirm the trial court’s
judgment.
 
                                                                  PER CURIAM


PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 31, 2005

NOTES
1. See Tex. R. App. P. 47.4.
2. Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).
3. Nunez v. State, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978).