

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00029-CR

**ROGER OLAN BRANNAN,**

                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                              **Appellee**

### From the 66th District Court
### Hill County, Texas
### Trial Court No. 35,430

## MEMORANDUM  OPINION

Roger Olan Brannan pled guilty to two counts of burglary of a building and pled guilty to two enhancements, which raised the level of offense from a state-jail felony to a second-degree felony. TEX. PEN. CODE ANN. § 30.02(a)(1) (Vernon 2003); TEX. PEN. CODE ANN. § 12.42(a)(2) (Vernon 2003). There was no plea bargain as to sentencing. The trial court, after hearing evidence and reviewing the pre-sentence investigation, sentenced Brannan to six (6) years in the Texas Department of Criminal Justice – Institutional Division. Because we find the trial court did not abuse its discretion in sentencing Brannan, we affirm the judgment of the trial court.

Brannan contends that the trial court abused its discretion in assessing his sentence because, according to Brannan, the trial court appears to have disregarded mitigating evidence presented by Brannan. Brannan concedes that the range of punishment for this offense with the enhancement allegations is a sentence of not more than 20 years or less than 2 years and a fine not to exceed $10,000. TEX. PEN. CODE ANN. § 12.33 (Vernon 2003).

A trial court has wide discretion in imposing an appropriate sentence. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Generally, as long as a sentence is within the range of punishment and has a factual basis in the record, it will not be disturbed on appeal. *Nunez v. State*, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978).

Brannan does not point to any evidence in the record that shows that the trial court ignored any portion of the evidence, and we will not presume that the trial court did so. Brannan's sentence of six years falls within the statutory range of punishment and is well below the maximum sentence authorized by law. We hold that the trial court did not abuse its discretion in assessing Appellant's sentence and overrule his sole point of error.

*Conclusion*

We find no abuse of discretion in the assessment of Brannan's sentence. Therefore, the judgment of conviction is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Reyna, and
  Justice Davis
Affirmed
Opinion delivered and filed September 9, 2009
Do not publish
[CR25]