

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-122-CR
NO. 2-09-123-CR

MICHAEL D. PRICE                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Michael D. Price appeals his two sentences for aggravated assault with a deadly weapon. In one point, Price argues that the trial court abused its discretion in assessing his sentence. We will affirm.

In May 2005, Price became involved in a vehicle chase with police when a police officer pulled up behind Price at a stop sign and Price "floored it" after

----

[1] See Tex. R. App. P. 47.4.

making a turn. DeAnna Snyder was a passenger in Price's vehicle, which eventually collided with a vehicle being driven by Clark Birdsall. Both Snyder and Birdsall suffered injuries requiring hospitalization and surgery.

Price pleaded guilty to two offenses of aggravated assault with a deadly weapon and true to the repeat offender notices. After the preparation of a presentence investigation report, the trial court found Price guilty of both offenses, made an affirmative deadly weapon finding, found the repeat offender notices true, and sentenced Price to forty years' confinement for each offense.

In his sole point, Price argues that the trial court abused its discretion by sentencing him to forty years' confinement for each aggravated assault offense. He concedes that the trial court has great discretion to impose punishment within the prescribed range,[2] but he cites *Jackson v. State*, 680 S.W.2d 809 (Tex. Crim. App. 1984), and argues only the following:

> The record reflects that the Appellant made significant steps at rehabilitation for his drug addiction while incarcerated. A review of his testimony and the exhibits introduced as defense exhibits . . . reveal that the Appellant suffered from severe drug addiction which led to his past law violations.
>
> A review of the numerous defense exhibits reveal that Appellant had, on his own, spent much of his pretrial incarceration studying religious topics and taking classes offered in the jail to better attempt his rehabilitation.

---

[2] *... See Nunez v. State*, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978).

In a previous memorandum opinion, this court stated of *Jackson* as follows:

> In *Jackson*, the trial judge who assessed punishment did not have access to the transcript of the testimony at the guilt-innocence phase of trial, no evidence was elicited at the punishment hearing, and the trial court sentenced appellant based solely on a pre-sentence investigation report. "The sentencing judge . . . was left with nothing to base his determination as to punishment on except the naked fact that appellant had been found guilty of the offense of sexual abuse of a child." "[U]nder the limited facts of th[e] case," the court of criminal appeals held that the trial court abused its discretion by determining the appellant's sentence in the absence of any facts or evidence available to the court and upon which the court could have relied in assessing punishment.

*Sanders v. State*, No. 02-07-00250-CR, 2008 WL 4601937, at *1 (Tex. App.—Fort Worth Oct. 16, 2008, no pet.) (mem. op., not designated for publication) (citations omitted). In this case, unlike the issue addressed in *Jackson*, Price does not argue that the trial court abused its discretion in sentencing him because it determined his sentences in the absence of any facts or evidence.[3] Instead, Price argues that the trial court abused its discretion by sentencing him to forty years' confinement for each offense because there is evidence that he participated in drug rehabilitation and attended religious classes while in jail. Price's argument is, thus, that his sentences should have

---

[3] ... Indeed, both sides presented evidence at punishment, and the trial court noted on the record, "The Court has had an opportunity to hear and consider the evidence and argument of counsel."

3

been lower because of his participation in these activities. Accordingly, *Jackson* is inapposite to the argument that Price asserts in this appeal.

Price's sentences fall within the statutory range of punishment for the offenses for which he was convicted, and they are well below the maximum term of years. *See* Tex. Penal Code Ann. § 12.32, 12.33, 12.42(b), 22.02(a)(2), (b) (Vernon Supp. 2009). Price does not argue that his sentence is grossly disproportionate to the offenses committed. *See Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (stating that a punishment that falls within the legislatively prescribed range and is based upon the sentencer's informed normative judgment is unassailable on appeal, subject only to "a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review"). We hold that the trial court did not abuse its discretion by sentencing Price to forty years' confinement for each offense of aggravated assault with a deadly weapon, we overrule Price's only point, and we affirm the trial court's judgments.

PER CURIAM

PANEL: MEIER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 17, 2009