COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-122-CR

                                        NO.
2-09-123-CR

 

 

MICHAEL D. PRICE                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant
Michael D. Price appeals his two sentences for aggravated assault with a deadly
weapon.  In one point, Price argues that
the trial court abused its discretion in assessing his sentence.  We will affirm.








In May
2005, Price became involved in a vehicle chase with police when a police
officer pulled up behind Price at a stop sign and Price Afloored
it@ after
making a turn.  DeAnna Snyder was a
passenger in Price=s vehicle, which eventually
collided with a vehicle being driven by Clark Birdsall.  Both Snyder and Birdsall suffered injuries
requiring hospitalization and surgery.

Price
pleaded guilty to two offenses of aggravated assault with a deadly weapon and
true to the repeat offender notices. 
After the preparation of a presentence investigation report, the trial
court found Price guilty of both offenses, made an affirmative deadly weapon
finding, found the repeat offender notices true, and sentenced Price to forty
years=
confinement for each offense.

In his
sole point, Price argues that the trial court abused its discretion by
sentencing him to forty years=
confinement for each aggravated assault offense.  He concedes that the trial court has great
discretion to impose punishment within the prescribed range,[2]
but he cites Jackson v. State, 680 S.W.2d 809 (Tex. Crim. App. 1984),
and argues only the following:

The record reflects that the Appellant made significant steps at
rehabilitation for his drug addiction while incarcerated.  A review of his testimony and the exhibits
introduced as defense exhibits . . . reveal that the Appellant suffered from
severe drug addiction which led to his past law violations.

 

A review of the numerous defense exhibits reveal that Appellant had,
on his own, spent much of his pretrial incarceration studying religious topics
and taking classes offered in the jail to better attempt his rehabilitation.








In a
previous memorandum opinion, this court stated of Jackson as follows:

In Jackson, the trial judge who assessed punishment did not
have access to the transcript of the testimony at the guilt-innocence phase of
trial, no evidence was elicited at the punishment hearing, and the trial court
sentenced appellant based solely on a pre-sentence investigation report.  AThe sentencing judge . . . was left with nothing
to base his determination as to punishment on except the naked fact that
appellant had been found guilty of the offense of sexual abuse of a child.@  A[U]nder the limited facts of th[e] case,@ the court of criminal
appeals held that the trial court abused its discretion by determining the
appellant=s sentence in the absence
of any facts or evidence available to the court and upon which the court could
have relied in assessing punishment.

 








Sanders v. State, No.
02-07-00250-CR, 2008 WL 4601937, at *1 (Tex. App.CFort
Worth Oct. 16, 2008, no pet.) (mem. op., not designated for publication)
(citations omitted).  In this case,
unlike the issue addressed in Jackson, Price does not argue that the
trial court abused its discretion in sentencing him because it determined his
sentences in the absence of any facts or evidence.[3]  Instead, Price argues that the trial court
abused its discretion by sentencing him to forty years=
confinement for each offense because there is evidence that he participated in
drug rehabilitation and attended religious classes while in jail.  Price=s
argument is, thus, that his sentences should have been lower because of his
participation in these activities. 
Accordingly, Jackson is inapposite to the argument that Price
asserts in this appeal.

Price=s
sentences fall within the statutory range of punishment for the offenses for
which he was convicted, and they are well below the maximum term of years.  See Tex. Penal Code Ann. ' 12.32,
12.33, 12.42(b), 22.02(a)(2), (b) (Vernon Supp. 2009).  Price does not argue that his sentence is
grossly disproportionate to the offenses committed.  See Ex parte Chavez, 213 S.W.3d 320,
323B24 (Tex.
Crim. App. 2006) (stating that a punishment that falls within the legislatively
prescribed range and is based upon the sentencer=s
informed normative judgment is unassailable on appeal, subject only to Aa very
limited, >exceedingly rare,= and
somewhat amorphous Eighth Amendment gross-disproportionality review@).  We hold that the trial court did not abuse
its discretion by sentencing Price to forty years=
confinement for each offense of aggravated assault with a deadly weapon, we
overrule Price=s only point, and we affirm the
trial court=s judgments.

 

PER CURIAM

 

PANEL:  MEIER, LIVINGSTON, and
DAUPHINOT, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 17, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Nunez v. State, 565 S.W.2d 536, 538
(Tex. Crim. App. 1978).





[3]Indeed, both sides
presented evidence at punishment, and the trial court noted on the record, AThe Court has had an
opportunity to hear and consider the evidence and argument of counsel.@