IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00372-CR

No. 10-09-00373-CR

 

Theodore Gallia,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 66th District Court

Hill County, Texas

Trial Court Nos. 31,931 and 34,276

 



MEMORANDUM  Opinion



 

            Theodore Paul Gallia, Jr. appeals from
his convictions based on a motion to adjudicate and a motion to revoke his
community supervision.  Gallia, Jr. was placed on deferred adjudication
community supervision for ten years for the offense of attempted manufacture of
methamphetamine of more than four but less than two hundred grams on January
10, 2002.  He was subsequently placed on a ten year sentence that was probated
for ten years for the offense of unlawful possession of a firearm on March 27,
2006.  The State filed a motion to adjudicate and a motion to revoke probation
on July 9, 2009, and Gallia, Jr. pled not true to all of the allegations
contained in the motions.  After a contested hearing, the trial court found
some of the allegations to be true, and made a finding of guilt on the firearm
charge.  After a hearing on punishment, the trial court sentenced Gallia, Jr. to imprisonment for fifteen (15) years in the Texas Department of Criminal
Justice – Institutional Division on the manufacturing charge and to ten (10)
years imprisonment on the weapon charge.  Gallia, Jr. complains that the trial
court abused its discretion in revoking his probations and sentencing him to
the terms of imprisonment.  Because we find no abuse of discretion, we affirm
the judgment of the trial court.

Gallia, Jr.
contends that the trial court erred by not considering his “rehabilitative
qualities” since he was released from SAFPF.  However, Gallia, Jr. concedes
that he was sentenced within the ranges of punishment for his two offenses.  A
trial court has wide discretion in imposing an appropriate sentence.  Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  Generally, as long as a sentence is within the range of punishment and
has a factual basis in the record, it will not be disturbed on appeal.  Nunez
v. State, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978).

Gallia, Jr.
does not point to any evidence in the record that shows that the trial court
ignored any portion of the evidence, and we will not presume that the trial
court did so.  Gallia, Jr.’s sentences of ten and fifteen years fall within the
statutory ranges of punishment and the fifteen year sentence is below the
maximum sentence authorized by law.  Further, the trial court had been involved
with Gallia, Jr. throughout the term of his first term of community
supervision, during which Gallia, Jr. was arrested for multiple felonies and
misdemeanors; was unsuccessfully discharged from the last phase of SAFPF which
he had been required to attend based on a previous modification of his
community supervision; and since leaving that program, had failed to submit to
drug tests, to report to his probation officer as required, and to pay his
required fees, fines, and restitution even though he was employed as an
electrician.  We hold that the trial court did not abuse its discretion in
assessing Gallia, Jr.’s sentences and overrule his sole point of error.

Conclusion

            We find no abuse of discretion in the assessment of Gallia, Jr.’s
sentences.  Therefore, the judgments of conviction are affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed September 1, 2010

Do not publish

[CR25]






on I had,
yes.

(3 R.R. 247.)

      The record does not clearly show that the
detective made any misrepresentations.  On cross-examination by Upole, the
detective testified as follows:

      Q    Detective, do you have
your narrative report dated 8-25-2004?

      A    Yes, sir.

      . . . .

      Q    . . . . 
Would you read that to the jury, “I then asked [Upole] that”?

      . . . .

      A    . . . . 
“I then asked [Upole] that the test during the exam showed that both girls had
been penetrated, which was called digital penetration.”

      Q    Now, at that point, you
had indicated to him that you had a test and that exam of the girls would show
that both girls had been penetrated.  Isn’t it true that those tests did not
show that?

      A    From the S[exual
]A[ssault ]N[urse ]E[xaminer] exam?

      Q    Isn’t it true that when
you said that, what you’re telling him is the test from the examination of both
girls showed that both girls had been penetrated?  It says that in the report,
correct?

      A    Correct.

      Q    And at that time you knew
that those examinations did not show that both of the girls had been
penetrated, correct?

      A    The information I had
showed that they had been penetrated.

      Q    What information did you
have?

      A    The SANE exam.

      Q    The which exam?

      A    The exam from the SANE
nurse.

      Q    Okay.  And where had they
been penetrated in that examination?  From the best of your recollection, where
were they penetrated?

      A    In the vagina.

      Q    In the vagina, okay. 
Would it surprise you to know that the witness who just testified indicated
that that younger girl had a normal vaginal examination?

      A    No, sir, I did not know that.

(3 R.R. 244-45.)  The sexual assault examination
forensic reports state that each victim’s female sexual organ had been
penetrated.  (State’s Exs. 3-4.)  The trial court would not have abused its
discretion in finding no misrepresentation.  

      The trial court did not abuse its
discretion in overruling Upole’s objection.  We overrule Upole’s issue.

      Having overruled Upole’s sole
issue, we affirm.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

Affirmed

Opinion
delivered and filed July 26, 2006

Do
not publish

[CR25]