

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00372-CR
## No. 10-09-00373-CR

**THEODORE GALLIA,**

**Appellant**

 v.

**THE STATE OF TEXAS,**

**Appellee**

### From the 66th District Court
### Hill County, Texas
### Trial Court Nos. 31,931 and 34,276

## MEMORANDUM  OPINION

Theodore Paul Gallia, Jr. appeals from his convictions based on a motion to adjudicate and a motion to revoke his community supervision.  Gallia, Jr. was placed on deferred adjudication community supervision for ten years for the offense of attempted manufacture of methamphetamine of more than four but less than two hundred grams on January 10, 2002.  He was subsequently placed on a ten year sentence that was probated for ten years for the offense of unlawful possession of a firearm on March 27, 2006.  The State filed a motion to adjudicate and a motion to revoke probation on July 9,

2009, and Gallia, Jr. pled not true to all of the allegations contained in the motions. After a contested hearing, the trial court found some of the allegations to be true, and made a finding of guilt on the firearm charge. After a hearing on punishment, the trial court sentenced Gallia, Jr. to imprisonment for fifteen (15) years in the Texas Department of Criminal Justice – Institutional Division on the manufacturing charge and to ten (10) years imprisonment on the weapon charge. Gallia, Jr. complains that the trial court abused its discretion in revoking his probations and sentencing him to the terms of imprisonment. Because we find no abuse of discretion, we affirm the judgment of the trial court.

Gallia, Jr. contends that the trial court erred by not considering his "rehabilitative qualities" since he was released from SAFPF. However, Gallia, Jr. concedes that he was sentenced within the ranges of punishment for his two offenses. A trial court has wide discretion in imposing an appropriate sentence. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Generally, as long as a sentence is within the range of punishment and has a factual basis in the record, it will not be disturbed on appeal. *Nunez v. State*, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978).

Gallia, Jr. does not point to any evidence in the record that shows that the trial court ignored any portion of the evidence, and we will not presume that the trial court did so. Gallia, Jr.'s sentences of ten and fifteen years fall within the statutory ranges of punishment and the fifteen year sentence is below the maximum sentence authorized by law. Further, the trial court had been involved with Gallia, Jr. throughout the term of his first term of community supervision, during which Gallia, Jr. was arrested for

multiple felonies and misdemeanors; was unsuccessfully discharged from the last phase of SAFPF which he had been required to attend based on a previous modification of his community supervision; and since leaving that program, had failed to submit to drug tests, to report to his probation officer as required, and to pay his required fees, fines, and restitution even though he was employed as an electrician. We hold that the trial court did not abuse its discretion in assessing Gallia, Jr.'s sentences and overrule his sole point of error.

*Conclusion*

We find no abuse of discretion in the assessment of Gallia, Jr.'s sentences. Therefore, the judgments of conviction are affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
 Justice Reyna, and
 Justice Davis
Affirmed
Opinion delivered and filed September 1, 2010
Do not publish
[CR25]