NO. 07-04-0403-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 8, 2005

_____

HOBERT JEAN WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 7TH DISTRICT COURT OF SMITH COUNTY;

NO. 007-1108-02; HONORABLE KERRY L. RUSSELL, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following his open plea of guilty, appellant Hobert Jean Williams was convicted of failure to stop and render aid and sentenced to four years confinement and a $5,000 fine. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We affirm and grant counsel's motion to withdraw.

---

[1]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record, and in his opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief if he desired to do so. Appellant did not file a response and the State did not favor us with a brief.

Pursuant to his guilty plea, appellant stipulated to evidence that on December 10, 2001, he was driving a vehicle involved in an accident which resulted in injury to another person. Furthermore, appellant stipulated he intentionally and knowingly left the scene of the accident without leaving his name, address, vehicle registration, or the name of his liability insurer, and without rendering reasonable assistance to the injured person when it was apparent she was in need of medical treatment.

In his brief, counsel raises no issues and concedes no good faith argument can be presented to challenge appellant's plea of guilty and his sentence. A review of the record establishes that appellant's plea was knowingly and voluntarily made. Counsel also notes that appellant had effective representation and thus, no argument can be made under

2

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Also, the trial court is vested with a great degree of discretion in imposing an appropriate sentence. Jackson v. State, 680 S.W.2d 809, 814 (Tex.Cr.App. 1984). If the punishment assessed is within the statutory range, then it should not be disturbed on appeal. Nunez v. State, 565 S.W.2d 536, 538 (Tex.Cr.App. 1978). Failure to stop and render aid is punishable by imprisonment for a term of not more than five years, a fine not to exceed $5,000, or both. Tex. Transp. Code Ann. § 550.021(c) (Vernon 1999). Thus, no error is presented in the trial court's assessment of a four year sentence and a $5,000 fine.

We have made an independent examination of the entire record to determine whether there are any arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

3