COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-400-CR
  
  
KEITH 
RODGERS                                                                   APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        On 
May 8, 2003, Appellant pled guilty, without the benefit of a plea bargain 
agreement, to the first degree felony offense of aggravated robbery causing 
bodily injury to an elderly or disabled person.  On September 26, 2003, 
after considering a presentence investigation report, the testimony of State and 
defense witnesses, and the argument of counsel, the court assessed punishment at 
thirty-five years’ confinement in the Institutional Division of the Texas 
Department of Criminal Justice.  At the time of his guilty plea and 
sentencing, Appellant was informed that although the right to appeal his plea 
was limited by law, he would be allowed to appeal his sentence.  He does so 
now.  We will affirm.
Anders Review
        Appellant’s 
court-appointed counsel has filed a motion to withdraw as counsel and a brief in 
support of the motion.  In the brief, counsel states that, in his 
professional opinion, this appeal is frivolous. Counsel’s brief and motion 
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 
1396 (1967), by presenting a professional evaluation of the record demonstrating 
why there are no reversible grounds on appeal and referencing any grounds that 
might arguably support the appeal. See Mays v. State, 904 S.W.2d 920, 
922-23 (Tex. App.—Fort Worth 1995, no pet.).  This court provided 
Appellant the opportunity to file a pro se brief, but he has declined to do so.
        In 
our duties as a reviewing court, we must conduct an independent evaluation of 
the record to determine whether counsel is correct in determining that the 
appeal is frivolous.  See Stafford v. State, 813 S.W.2d 503, 511 
(Tex. Crim. App. 1991); Mays, 904 S.W.2d at 923.  Only then may we 
grant counsel’s motion to withdraw. See Penson v. Ohio, 488 U.S. 75, 
83-84, 109 S. Ct. 346, 351 (1988).
        Appellant 
entered an “open plea” of guilty, so he waived the right to appeal any 
nonjurisdictional defects, other than the voluntariness of his plea, that 
occurred before entry of the plea so long as the judgment of guilt was rendered 
independent of, and is not supported by, the alleged error.  See Young 
v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Lewis v. State, 
911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent 
review of the record is limited to potential jurisdictional defects, the 
voluntariness of Appellant’s plea, potential error occurring before 
Appellant’s plea that resulted in or supports the judgment of guilt, and 
potential error occurring after the guilty plea.  See Young, 8 
S.W.3d at 666-67.
Background and Independent Review
        Our 
review of the record reveals no jurisdictional defects.  Appellant was 
indicted on March 18, 2003, charged with the offense of aggravated robbery 
causing bodily injury to an elderly person.  A review of the indictment 
reflects that the wording addressed the elements of the offense.  See 
Tex. Penal Code Ann. § 29.03 
(Vernon 2003).  Further examination of the indictment reveals that it met 
the standard requirements for indictments mandated by the Texas Constitution and 
the Texas Code of Criminal Procedure and provided Appellant with sufficient 
notice of the charges against him.  See Tex. Const. art. I, § 10 (the accused 
“shall have the right to demand the nature and the cause of the accusation 
against him, and to have a copy thereof”); Tex. Code Crim. Proc. Ann. arts. 
21.02-04, 21.11 (Vernon 1989); Duron v. State, 956 S.W.2d 547, 550-51 
(Tex. Crim. App. 1997).  There is no error in the charging instrument.
        The 
372nd Judicial District Court of Tarrant County, Texas, was established by 
statute, effective September 1, 1990. Tex. 
Gov’t Code Ann. § 24.517 (Vernon 2004).  The 372nd judicial 
district is composed of Tarrant County, and the court shall give preference to 
criminal cases.  Id.  District courts have original 
jurisdiction in criminal cases of the felony grade. Tex. Code Crim. Proc. Ann. art. 4.05 
(Vernon 2005).  The offense of aggravated robbery, the crime for which 
Appellant was indicted, pled guilty, was found guilty and sentenced, is a felony 
grade offense.  See Tex. 
Penal Code Ann. § 29.03(b) (Vernon 2003). The 372nd Judicial District 
Court had jurisdiction in the case at bar.  See also Tex. Const. art. V, § 12(b) (“the 
presentment of an indictment . . . to a court invests the court with 
jurisdiction of the cause”).
        Robbery 
is not an offense for which chapter 13 of the Texas Code of Criminal Procedure 
states the appropriate county for prosecution..  See Tex. Code Crim. Proc. Ann. arts. 
13.01-13.28 (Vernon 2005).  Therefore, the proper venue for the prosecution 
of a robbery offense is the county in which the offense was committed.  See 
Tex. Code Crim. Proc. Ann. art. 
13.18.  Here, the indictment alleged the place of offense to be Tarrant 
County, Texas, and Appellant’s signed judicial confession acknowledged the 
truthfulness of the indictment.  Tarrant County, Texas was the proper venue 
for the prosecution of Appellant in this case. The evidence in support of 
Appellant’s guilty plea was sufficient to prove venue by a preponderance of 
the evidence.  See Tex. Code 
Crim. Proc. Ann. art. 13.17.
        Appellant 
waived a jury trial, agreed to stipulate evidence and testimony, signed a 
judicial confession, waived a court reporter, executed a sworn application for 
community supervision (probation), and entered a plea of guilty to count one of 
the indictment on May 8, 2003.  At his later punishment and sentencing 
hearing on September 26, 2003, he reiterated his understanding of his rights and 
options.  Appellant’s plea of guilty was an “open plea” and not based 
on a specific agreement with the State.  An “open plea” has special 
significance in criminal law.  Because there was no plea bargain in place, 
the court was free to impose any punishment accorded by statute.  See 
Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (holding trial 
court is vested with a great degree of discretion in imposing an appropriate 
sentence); Nunez v. State, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978) 
(holding that a penalty imposed within the range of punishment prescribed by the 
legislature will not be disturbed on appeal).  The permissible range of 
punishment was imprisonment for life or for any term of not more than 
ninety-nine years or less than five years, plus a fine not to exceed $10,000. See 
Tex. Penal Code Ann. §§ 12.32, 
29.03 (Vernon 2003).  Also, inasmuch as Appellant entered an “open 
plea,” he waived or forfeited his right to appeal a claim of error, when the 
judgment of guilt is rendered independent of, and is not supported by, the 
error.  See Young, 8 S.W.3d at 666-67.  Because Appellant 
waived all pretrial motions and his guilt was based on his stipulation and 
confession, there is no meritorious claim of error.
        We 
have closely examined the admonishments given Appellant by the court and find 
them consistent with those required by law.  See Tex. Code Crim. Proc. Ann. arts. 1.15, 
26.13 (Vernon 2005 & Supp. 2004-05).  In his confession, Appellant 
acknowledged each and every act alleged in count one of the indictment and 
entered his plea of guilty.  He reiterated his guilt at his punishment and 
sentencing hearing.  Beyond that, he admitted his guilt to the Tarrant 
County Adult Supervision Officer who prepared the presentence investigation 
report which was admitted into evidence without objection, and which the court 
considered before assessing Appellant’s punishment.  Finally, the victim 
of the aggravated robbery identified Appellant at the punishment hearing and 
described for the court the beating, threats, and robbery committed by 
Appellant.
        We 
find the record sufficient to affirm the trial court’s judgment and sentence 
of thirty-five years’ confinement.  We find no reversible error or 
evidence that the court abused its discretion. We find no evidence that 
Appellant received ineffective assistance of counsel.  See Strickland v. 
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  Because 
our independent review of the record reveals no reversible error, we agree with 
counsel’s professional determination that an appeal of this case is 
frivolous.  Accordingly, we grant counsel’s motion to withdraw on appeal 
and affirm the trial court’s judgment.
   
                                                                  PER 
CURIAM
  
 
 
PANEL 
F: HOLMAN, DAUPHINOT, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 29, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.