KEITH RODGERS v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-400-CR

KEITH RODGERS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On May 8, 2003, Appellant pled guilty, without the benefit of a plea bargain agreement, to the first degree felony offense of aggravated robbery causing bodily injury to an elderly or disabled person.  On September 26, 2003, after considering a presentence investigation report, the testimony of State and defense witnesses, and the argument of counsel, the court assessed punishment at thirty-five years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  At the time of his guilty plea and sentencing, Appellant was informed that although the right to appeal his plea was limited by law, he would be allowed to appeal his sentence.  He does so now.  We will affirm.

Anders 
Review

Appellant’s court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of the motion.  In the brief, counsel states that, in his professional opinion, this appeal is frivolous. 
 Counsel’s brief and motion meet the requirements of 
Anders v. California,
 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal.  
See Mays v. State,
 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  This court provided Appellant the opportunity to file a pro se brief, but he has declined to do so. 

In our duties as a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State,
 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays, 
904 S.W.2d at 923.  Only then may we grant counsel’s motion to withdraw.  
See Penson v. Ohio
, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351 (1988).

Appellant entered an “open plea” of guilty, so he waived the right to appeal any nonjurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of Appellant’s plea, potential error occurring before Appellant’s plea that resulted in or supports the judgment of guilt, and potential error occurring after the guilty plea.  
See Young
, 8 S.W.3d at 666-67.

Background and Independent Review

Our review of the record reveals no jurisdictional defects.  Appellant was indicted on March 18, 2003, charged with the offense of aggravated robbery causing bodily injury to an elderly person.  A review of the indictment reflects that the wording addressed the elements of the offense.  
See 
Tex. Penal Code Ann.
 § 29.03 (Vernon 2003).  Further examination of the indictment reveals that it met the standard requirements for indictments mandated by the Texas Constitution and the Texas Code of Criminal Procedure and provided Appellant with sufficient notice of the charges against him.  
See
 
Tex. Const.
 art. I, § 10 (the accused “shall have the right to demand the nature and the cause of the accusation against him, and to have a copy thereof”); 
Tex. Code Crim. Proc. Ann.
 arts. 21.02-04, 21.11 (Vernon 1989); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
  
There is no error in the charging instrument.

The 372nd
 Judicial District Court of Tarrant County, Texas, was established by statute, effective September 1, 1990.  
Tex. Gov’t Code Ann.
 § 24.517 (Vernon 2004).  The 372nd
 judicial district is composed of Tarrant County, and the court shall give preference to criminal cases.  
Id
.  District courts have original jurisdiction in criminal cases of the felony grade.  
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon 2005). 
 
The offense of aggravated robbery, the crime for which Appellant was indicted, pled guilty, was found guilty and sentenced, is a felony grade offense.  
See 
Tex. Penal Code Ann.
 § 29.03(b) (Vernon 2003).  The 372nd
 Judicial District Court had jurisdiction in the case at bar.  
See also
 
Tex. Const.
 art. V, § 12
(b) (“the presentment of an indictment . . . to a court invests the court with jurisdiction of the cause”).

Robbery is not an offense for which chapter 13 of the Texas Code of Criminal Procedure states the appropriate county for prosecution..  
See
 
Tex. Code Crim. Proc. Ann.
 arts. 13.01-13.28 (Vernon 2005).  Therefore, the proper venue for the prosecution of a robbery offense is the county in which the offense was committed.  
See 
Tex. Code Crim. Proc. Ann.
 art. 13.18.  Here, the indictment alleged the place of offense to be Tarrant County, Texas, and Appellant’s signed judicial confession acknowledged the truthfulness of the indictment.  Tarrant County, Texas was the proper venue for the prosecution of Appellant in this case.  The evidence in support of Appellant’s guilty plea was sufficient to prove venue by a preponderance of the evidence.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 13.17.

Appellant waived a jury trial, agreed to stipulate evidence and testimony, signed a judicial confession, waived a court reporter, executed a sworn application for community supervision (probation), and entered a plea of guilty to count one of the indictment on May 8, 2003.  At his later punishment and sentencing hearing on September 26, 2003, he reiterated his understanding of his rights and options.  Appellant’s plea of guilty was an “open plea” and not based on a specific agreement with the State.  An “open plea” has special significance in criminal law.  Because there was no plea bargain in place, the court was free to impose any punishment accorded by statute.  
See Jackson v. State,
 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (holding trial court is vested with a great degree of discretion in imposing an appropriate sentence); 
Nunez v. State,
 565 S.W.2d 536, 538 (Tex. Crim. App. 1978) (holding that a penalty imposed within the range of punishment prescribed by the legislature will not be disturbed on appeal).  The permissible range of punishment was imprisonment for life or for any term of not more than ninety-nine years or less than five years, plus a fine not to exceed $10,000.  
See
 
Tex. Penal Code Ann.
 §§ 12.32, 29.03 (Vernon 2003).  Also, inasmuch as Appellant entered an “open plea,” he waived or forfeited his right to appeal a claim of error, when the judgment of guilt is rendered independent of, and is not supported by, the error.  
See Young
, 8 S.W.3d at 666-67.  Because Appellant waived all pretrial motions and his guilt was based on his stipulation and confession, there is no meritorious claim of error.

We have closely examined the admonishments given Appellant by the court and find them consistent with those required by law.  
See
 
Tex. Code Crim. Proc. Ann.
 arts. 1.15, 26.13 (Vernon 2005 & Supp. 2004-05).  In his confession, Appellant acknowledged each and every act alleged in count one of the indictment and entered his plea of guilty.  He reiterated his guilt at his punishment and sentencing hearing.  Beyond that, he admitted his guilt to the Tarrant County Adult Supervision Officer who prepared the presentence investigation report which was admitted into evidence without objection, and which the court considered before assessing Appellant’s punishment.  Finally, the victim of the aggravated robbery identified Appellant at the punishment hearing and described for the court the beating, threats, and robbery committed by Appellant.

We find the record sufficient to affirm the trial court’s judgment and sentence of thirty-five years’ confinement.  We find no reversible error or evidence that the court abused its discretion.  We find no evidence that Appellant received ineffective assistance of counsel.  
See Strickland v. Washington, 
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). 
 Because our independent review of the record reveals no reversible error, we agree with counsel’s professional determination that an appeal of this case is frivolous.  Accordingly, we grant counsel’s motion to withdraw on appeal and affirm the trial court’s judgment.

PER CURIAM

PANEL F:  HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 29, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.