NO. 07-07-0024-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 27, 2007
_____

CHARLES ROBERT BROWN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,261-D; HONORABLE DON EMERSON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Charles Robert Brown brings this appeal from his conviction, founded on his plea of guilty to the offense of unlawful possession of a firearm by a felon, and the assessment of punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of thirty years. Agreeing with appointed counsel's conclusion the record fails to show any meritorious issue which would support the appeal, we affirm the trial court's judgment.

By a September 2006 indictment, appellant was charged with intentionally or knowingly possessing a firearm away from the premises where he lived.[1]  The indictment included two enhancement paragraphs, alleging prior felony convictions.[2]  In January 2007, appellant pled guilty to the offense as charged in the indictment and pled true to the allegations of both enhancement paragraphs.  His plea of guilty was supported by a written judicial confession, which he orally reaffirmed to the trial court.

Following appellant's plea, the trial court admonished appellant, orally and in writing, that on his guilty plea, he faced imprisonment for a term ranging from 25 to 99 years.  Appellant waived his constitutional and statutory rights, including his right to have a jury determine his punishment.  During the punishment hearing, the State presented the testimony of the arresting officer.  Appellant presented testimony by the complaining witness.  Appellant also testified.  The court assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of thirty years.

---

[1] *See* Tex. Penal Code Ann. § 46.04 (Vernon 2003). Pursuant to this provision, a person who has been convicted of a felony commits an offense if he possesses a firearm: (1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or (2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.

[2] The first enhancement paragraph in the indictment omitted the specific offense of which appellant had been convicted.  However, when appellant plead guilty before the court, appellant noted this was a felony DWI conviction and did not object to its introduction or raise a complaint about the indictment.

Appellant's appointed counsel on appeal has filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he certifies that he has carefully reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds upon which a non-frivolous appeal can arguably be predicated. Counsel's brief discusses the procedural history of the case and contains a detailed recitation of the facts and evidence produced at trial. Counsel identifies five potential appellate issues, but discusses the applicable law and concludes none of the issues involves a meritorious argument that can be made in good faith. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. The State has not filed a brief. Appellant requested, and was granted, two extensions of time to file his *pro se* response, the second extension ending on July 6, 2007, but has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we do not rule on counsel's motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we must remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App.1991).

Counsel first notes the possibility of error with regard to appellant's guilty plea. A review of the record shows that the court thoroughly admonished appellant in writing and orally confirmed appellant's understanding of his actions. Appellant signed several documents acknowledging his voluntary waiver of rights and, as noted, a judicial confession, stating that he had read the indictment, that he committed each and every allegation it contained and was guilty of the offense alleged. In his testimony during the punishment phase of trial, appellant also acknowledged knowing possession of a firearm. The record does not raise an arguably meritorious issue with regard to the validity of his plea of guilty.

Counsel's next point of possible error relates to ineffective assistance of trial counsel. We agree with counsel that no arguably meritorious issue is raised on this point.

The third and fourth potential issues counsel identifies would challenge the legal and factual sufficiency of the evidence supporting his conviction in this case and supporting the finding of "true" to the enhancement paragraph allegations. Evidentiary sufficiency reviews are conducted under the standards set forth in *Jackson v. Virginia,* 443 U.S. 307, 318-19 (1979); *Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006); and *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006). Appellant's plea of guilty and his pleas of "true" to the enhancement paragraphs, his judicial confession, the admission without objection of evidence of his prior convictions, and his punishment testimony acknowledging his knowing possession of a firearm leave no arguably meritorious argument with respect to the sufficiency of the evidence.

As appellate counsel's last potential point of error, he points us to possible abuse of discretion in assessing appellant's punishment at thirty years of confinement. Punishment is within the sound discretion of the trial court and, as a general rule, as long as a sentence is within the statutory range of punishment and has a factual basis in the record, it will not be disturbed on appeal. *Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim.App. 1984); *Nunez v. State,* 565 S.W.2d 536 (Tex.Crim.App. 1978. The sentence is well within, indeed at the lower end of, the permissible range.[3] Like counsel, we see no arguably meritorious contention on this point.

Our review convinces us that appellate counsel conducted a thorough and complete analysis of the record. We have also made an independent examination of the record to determine whether there are any non-frivolous grounds on which an appeal could arguably be founded. *Penson v. Ohio*, 488 U.S. 75, (1988); *Stafford*, 813 S.W.2d at 511. We agree with counsel it presents no meritorious issue which would support an appeal. Accordingly, we grant counsel's motion to withdraw[4] and we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[3] Based on the enhancement paragraphs of the indictment, the range of punishment was enhanced to a range of 25 to 99 years confinement. Tex. Penal Code Ann. §12.42(d) (Vernon 2007).

[4] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.

5