NO. 07-07-0024-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 27, 2007
                                       ______________________________

CHARLES ROBERT BROWN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,261-D; HONORABLE DON EMERSON, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant Charles Robert Brown brings this appeal from his conviction, founded on
his plea of guilty to the offense of unlawful possession of a firearm by a felon, and the
assessment of punishment at confinement in the Institutional Division of the Texas
Department of Criminal Justice for a period of thirty years. Agreeing with appointed
counsel’s conclusion the record fails to show any meritorious issue which would support
the appeal, we affirm the trial court’s judgment. 
          By a September 2006 indictment, appellant was charged with intentionally or
knowingly possessing a firearm away from the premises where he lived.


 The indictment
included two enhancement paragraphs, alleging prior felony convictions.


 In January 2007,
appellant pled guilty to the offense as charged in the indictment and pled true to the
allegations of both enhancement paragraphs. His plea of guilty was supported by a written
judicial confession, which he orally reaffirmed to the trial court. 
          Following appellant’s plea, the trial court admonished appellant, orally and in writing,
that on his guilty plea, he faced imprisonment for a term ranging from 25 to 99 years.
Appellant waived his constitutional and statutory rights, including his right to have a jury
determine his punishment. During the punishment hearing, the State presented the
testimony of the arresting officer. Appellant presented testimony by the complaining
witness. Appellant also testified. The court assessed punishment at confinement in the
Institutional Division of the Texas Department of Criminal Justice for a period of thirty
years. 
          Appellant's appointed counsel on appeal has filed a motion to withdraw and a brief
in support pursuant to Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967), in which he certifies that he has carefully reviewed the record and, in
his professional opinion, under the controlling authorities and facts of this case, there is no
reversible error or legitimate grounds upon which a non-frivolous appeal can arguably be
predicated. Counsel’s brief discusses the procedural history of the case and contains a
detailed recitation of the facts and evidence produced at trial. Counsel identifies five
potential appellate issues, but discusses the applicable law and concludes none of the
issues involves a meritorious argument that can be made in good faith. Counsel has
certified that a copy of the Anders brief and motion to withdraw have been served on
appellant, and that counsel has advised appellant of his right to review the record and file
a pro se response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet.
ref'd). By letter, this court also notified appellant of his opportunity to submit a response
to the Anders brief and motion to withdraw filed by his counsel. The State has not filed a
brief. Appellant requested, and was granted, two extensions of time to file his pro se
response, the second extension ending on July 6, 2007, but has not filed a response.
          In conformity with the standards set out by the United States Supreme Court, we do
not rule on counsel’s motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court
determines the appeal has merit, we must remand it to the trial court for appointment of
new counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.1991).
          Counsel first notes the possibility of error with regard to appellant’s guilty plea. A
review of the record shows that the court thoroughly admonished appellant in writing and
orally confirmed appellant’s understanding of his actions. Appellant signed several
documents acknowledging his voluntary waiver of rights and, as noted, a judicial
confession, stating that he had read the indictment, that he committed each and every
allegation it contained and was guilty of the offense alleged. In his testimony during the
punishment phase of trial, appellant also acknowledged knowing possession of a firearm.
The record does not raise an arguably meritorious issue with regard to the validity of his
plea of guilty.
          Counsel’s next point of possible error relates to ineffective assistance of trial
counsel. We agree with counsel that no arguably meritorious issue is raised on this point. 
          The third and fourth potential issues counsel identifies would challenge the legal and
factual sufficiency of the evidence supporting his conviction in this case and supporting the
finding of “true” to the enhancement paragraph allegations. Evidentiary sufficiency reviews
are conducted under the standards set forth in Jackson v. Virginia, 443 U.S. 307, 318-19
(1979); Marshall v. State, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006); and Watson v. State,
204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006). Appellant’s plea of guilty and his pleas of
“true” to the enhancement paragraphs, his judicial confession, the admission without
objection of evidence of his prior convictions, and his punishment testimony acknowledging
his knowing possession of a firearm leave no arguably meritorious argument with respect
to the sufficiency of the evidence. 
          As appellate counsel’s last potential point of error, he points us to possible abuse of
discretion in assessing appellant’s punishment at thirty years of confinement. Punishment
is within the sound discretion of the trial court and, as a general rule, as long as a sentence
is within the statutory range of punishment and has a factual basis in the record, it will not
be disturbed on appeal. Jackson v. State, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984);
Nunez v. State, 565 S.W.2d 536 (Tex.Crim.App. 1978. The sentence is well within, indeed
at the lower end of, the permissible range.


 Like counsel, we see no arguably meritorious
contention on this point. 
          Our review convinces us that appellate counsel conducted a thorough and complete
analysis of the record. We have also made an independent examination of the record to
determine whether there are any non-frivolous grounds on which an appeal could arguably
be founded. Penson v. Ohio, 488 U.S. 75, (1988); Stafford, 813 S.W.2d at 511. We agree
with counsel it presents no meritorious issue which would support an appeal. Accordingly,
we grant counsel's motion to withdraw


 and we affirm the judgment of the trial court. 
 
 
                                                                           James T. Campbell

                                                                                     Justice

 
Do not publish.