IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00021-CR

 

David Duane Dunigan,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 40th District
Court

Ellis County, Texas

Trial Court No. 32765CR

 



Opinion



 








            David Duane
Dunigan filed his notice of appeal ninety-eight days after the court imposed
sentence.[1] 
Therefore, even though Dunigan timely filed a motion for new trial, the notice
of appeal is untimely.  See Tex.
R. App. P. 26.2(a)(2).  Because Dunigan’s notice of appeal is untimely
and because he has not shown grounds for continuing the appeal, we will dismiss
the appeal for want of jurisdiction.

            The Clerk of this Court
notified Dunigan that the appeal may be dismissed for want of jurisdiction if he
did not file a response showing grounds for continuing the appeal.  Id. 44.3.  Dunigan responded by filing a motion asking this Court to maintain the
appeal on the Court’s docket or, in the alternative, to grant an extension of
time to file the notice of appeal.  We address the latter request first.

            Any extension motion must be
filed within fifteen days after the deadline for filing the notice of appeal.  Id. 26.3.  Because Dunigan’s motion was filed more than two months after the notice
of appeal was due, the motion is denied insofar as it seeks an extension of
time to file the notice of appeal.  See Thompson v. State, No. 02-05-00367-CR, 2005 Tex. App. LEXIS 9211, at *2 (Tex. App.—Fort Worth Nov. 3, 2005, no pet.) (mem. op.); see also Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996) (interpreting former Rule of Appellate
Procedure 41(b)(2)).

            Dunigan also cites Rule 44.3
and asks the Court to maintain the appeal on the docket because he has a
meritorious ground for appeal and because counsel inadvertently miscalculated
the deadline for the notice of appeal.  Rule 44.3 provides, “A court of appeals must not
affirm or reverse a judgment or dismiss an appeal for formal defects or
irregularities in appellate procedure without allowing a reasonable time to
correct or amend the defects or irregularities.”  Id. 44.3.  However,
Rule 44.3 may not be used to enlarge the deadline for perfecting an appeal in a
criminal case.  See Olivo, 918 S.W.2d at 523 (interpreting former Rule
of Appellate Procedure 83).

Both Dunigan’s notice of
appeal and his motion for an extension of time to file the notice of appeal are
untimely.  Accordingly, the appeal is dismissed for want of jurisdiction.  See
Olivo, 918 S.W.2d at 522-23; Thompson, 2005 Tex. App. LEXIS 9211, at
*2-3.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Appeal
dismissed

Opinion
delivered and filed March 25, 2009

Publish

[CR25]









[1]
              The trial court
imposed sentence on September 11, 2008.  Dunigan filed his notice of appeal on
December 18, 2008.








ct was to invite the jury to consider
Appellant's moral propensity to commit bad acts."
      Just before the State rested in the guilt/innocence phase, the prosecutor offered State's Exhibit
1 which was a written stipulation of evidence between the parties. Attached to the stipulation were
Exhibits 1A and 1B which consisted of various court documents related to Appellant's previous
convictions and which were offered to satisfy jurisdictional requirements for felony DWI. When
the documents were offered, counsel for Appellant stated to the court, "Of course, we have no
objections. It's a stipulation we have entered into."
      In order to preserve error, a party is required to raise an objection, motion, or a request that
apprizes the trial judge of the relief sought and afford the judge an opportunity to effect a remedy. 
Tex. R. App. P. 33.1(a); Lankston v. State, 827 S.W.2d 907,909 (Tex. Crim. App. 1992). By
failing to object, Appellant has forfeited his right to complain on appeal. Id.
      Point 2 is overruled.
      Point 3: "The punishment assessed was in violation of the Eighth Amendment proscription
against cruel and unusual punishment because it was disproportionate to the offense for which
Appellant was convicted."
      A penalty that is imposed within the range prescribed by the Legislature will not be disturbed
on appeal. Nunez v. State, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978). Our courts have
repeatedly found that punishments falling within the limits proscribed by statute are not excessive,
cruel, or unusual. Davis v. State, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd);
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983; Jordan v. State, 495 S.W.2d 949,
952 (Tex. Crim. App. 1973); Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972).
      The range of punishment for felony DWI (enhanced by two prior felony convictions) is not
less than 25 years or more than 99 years or life.
      Appellant's punishment of 30 years, was within the statutory range and under the authorities
cited was not cruel and unusual.
      Point 3 is overruled. The judgment is affirmed.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Cumings and
      Chief Justice McDonald (Retired)
      (Justice Cummings not participating)
Affirmed
Opinion delivered and filed January 13, 1999
Do not publish