NO. 07-08-0306-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 4, 2009
______________________________

TAMRA BECK HIGDON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,261-D; HONORABLE DON EMERSON, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Appellant Tamra Higdon


 brings this appeal from her conviction, founded on her
open plea of guilty to the offense of theft under $1500, and the assessment of punishment
at confinement in a state jail facility for eighteen months. Agreeing with appointed
counsel’s conclusion the record fails to show any meritorious issue which would support
the appeal, we affirm the trial court’s judgment. 
 
          By a February 2008 indictment, appellant was charged with theft under $1500.


 The
indictment included appellant’s two prior theft convictions. In July 2008, appellant entered
into an open plea of guilt to the offense as charged in the indictment. Her plea of guilty was
supported by a written judicial confession, which she orally reaffirmed to the trial court. 
           Following appellant’s plea, the trial court admonished appellant, orally and in writing,
that on her guilty plea, she faced a sentence within the range of punishment described by
law, specifically a period of not less than 180 days nor more than two years and a fine not
to exceed $10,000. Appellant waived her constitutional and statutory rights, including her
right to have a jury determine her punishment. During the punishment hearing, the State
presented the two prior judgments concerning appellant’s previous theft convictions. 
Appellant presented the testimony of her brother, in which he stated his belief she would
be a good candidate for probation. Appellant testified on her own behalf, indicating her
desire to be placed on probation and stating she completed her previous probation
“perfectly.” The court found appellant guilty, found the two prior convictions true, and
assessed punishment at confinement in a state jail facility for eighteen months.
          Appellant's appointed counsel on appeal has filed a motion to withdraw and a brief
in support pursuant to Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967) and In re Schulman, 252 S.W.3d 403 (Tex.Crim.App. 2008), in which
he certifies that he has carefully reviewed the record and, in his professional opinion, under
the controlling authorities and facts of this case, there is no reversible error or legitimate
grounds upon which a non-frivolous appeal can arguably be predicated. Counsel’s brief
discusses the procedural history of the case and contains a detailed recitation of the facts
and evidence produced at the punishment hearing. Counsel identifies two potential
appellate issues, but discusses the applicable law and concludes neither of the issues
involves a meritorious argument that can be made in good faith. Counsel has certified that
a copy of the Anders brief and motion to withdraw have been served on appellant, and that
counsel has advised appellant of her right to review the record and file a pro se response. 
Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this
court also notified appellant of her opportunity to submit a response to the Anders brief and
motion to withdraw filed by her counsel. Appellant has not filed a response.
          In conformity with the standards set out by the United States Supreme Court, we do
not rule on counsel’s motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court
determines the appeal has merit, we must remand it to the trial court for appointment of
new counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.1991).
          As appellate counsel’s first potential point of error, he points us to possible error in
assessing appellant’s punishment at eighteen months of confinement. Punishment is within
the sound discretion of the trial court and, as a general rule, as long as a sentence is within
the statutory range of punishment and has a factual basis in the record, it will not be
disturbed on appeal. Jackson v. State, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984); Nunez
v. State, 565 S.W.2d 536 (Tex.Crim.App. 1978). The sentence is well within the
permissible range. Like counsel, we see no arguably meritorious contention on this point.
          Counsel’s second point of possible error relates to ineffective assistance of trial
counsel. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d
674 (1984), Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). We agree with
counsel that the record raises no arguably meritorious issue on this point.Our review convinces us that appellate counsel conducted a thorough and complete
analysis of the record. We have also made an independent examination of the record to
determine whether there are any non-frivolous grounds on which an appeal could arguably
be founded. Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 :.Ed.2d 300 (1988); Stafford,
813 S.W.2d at 511. We agree with counsel it presents no meritorious issue which would
support an appeal. Accordingly, we grant counsel's motion to withdraw


 and we affirm the
judgment of the trial court. 
 
                                                                           James T. Campbell

                                                                                      Justice

 
 
 
Do not publish.