NO. 07-09-0024-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 1, 2009
______________________________

WILLIE MCDADE, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 331ST DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-08-904103; HON. FRED MOORE, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          After a jury trial, appellant Willie McDade (appellant) was convicted of the offense
of aggravated assault with serious bodily injury. Punishment was assessed by the trial
court at thirty years in the Texas Department of Criminal Justice Institutional Division. 
Appellant timely filed his notice of appeal. 
          Appellant’s appointed counsel has filed a motion to withdraw, together with an
Anders


 brief, wherein she certifies that, after diligently searching the record, she has
concluded that appellant’s appeal is without merit. Along with her brief, she has filed a
copy of a letter sent to appellant informing him of counsel’s belief that there was no
reversible error and of appellant’s right to appeal pro se. This court notified appellant of
his right to file his own brief or response. Appellant filed a response urging grounds he
believed warranted reversal. 
          In compliance with the principles enunciated in Anders, appellate counsel discussed
the evidence at trial and reviewed the objections lodged in same. Upon her final analysis,
counsel determined no reversible error existed. Thereafter, we conducted our own review
of the record to assess the accuracy of appellate counsel’s conclusions and to uncover any
arguable error, per Stafford v. State, 813 S.W.2d 503 ( Tex. Crim. App. 1991). So too did
we consider appellant’s response and the contentions raised therein. Upon doing these
things, we also found no arguable error. 
          Accordingly, the motion to withdraw is granted and the judgment is affirmed.



 

                                                                           Brian Quinn 
                                                                          Chief Justice 
  
Do not publish.



er opportunity to submit a response to the Anders brief and
motion to withdraw filed by her counsel. Appellant has not filed a response.
          In conformity with the standards set out by the United States Supreme Court, we do
not rule on counsel’s motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court
determines the appeal has merit, we must remand it to the trial court for appointment of
new counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.1991).
          As appellate counsel’s first potential point of error, he points us to possible error in
assessing appellant’s punishment at eighteen months of confinement. Punishment is within
the sound discretion of the trial court and, as a general rule, as long as a sentence is within
the statutory range of punishment and has a factual basis in the record, it will not be
disturbed on appeal. Jackson v. State, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984); Nunez
v. State, 565 S.W.2d 536 (Tex.Crim.App. 1978). The sentence is well within the
permissible range. Like counsel, we see no arguably meritorious contention on this point.
          Counsel’s second point of possible error relates to ineffective assistance of trial
counsel. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d
674 (1984), Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). We agree with
counsel that the record raises no arguably meritorious issue on this point.Our review convinces us that appellate counsel conducted a thorough and complete
analysis of the record. We have also made an independent examination of the record to
determine whether there are any non-frivolous grounds on which an appeal could arguably
be founded. Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 :.Ed.2d 300 (1988); Stafford,
813 S.W.2d at 511. We agree with counsel it presents no meritorious issue which would
support an appeal. Accordingly, we grant counsel's motion to withdraw


 and we affirm the
judgment of the trial court. 
 
                                                                           James T. Campbell

                                                                                      Justice

 
 
 
Do not publish.