IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00029-CR

 

Roger Olan Brannan,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 66th District Court

Hill County, Texas

Trial Court No. 35,430

 



MEMORANDUM  Opinion










 

            Roger Olan Brannan pled guilty to two
counts of burglary of a building and pled guilty to two enhancements, which
raised the level of offense from a state-jail felony to a second-degree
felony.  Tex. Pen. Code Ann. §
30.02(a)(1) (Vernon 2003); Tex. Pen.
Code Ann. § 12.42(a)(2) (Vernon 2003).  There was no plea bargain as to
sentencing.  The trial court, after hearing evidence and reviewing the
pre-sentence investigation, sentenced Brannan to six (6) years in the Texas
Department of Criminal Justice – Institutional Division.  Because we find the
trial court did not abuse its discretion in sentencing Brannan, we affirm the
judgment of the trial court.

            Brannan contends that the trial
court abused its discretion in assessing his sentence because, according to
Brannan, the trial court appears to have disregarded mitigating evidence presented by Brannan.  Brannan concedes that the
range of punishment for this offense with the enhancement allegations is a
sentence of not more than 20 years or less than 2 years and a fine not to
exceed $10,000.  Tex. Pen. Code Ann.
§ 12.33 (Vernon 2003). 

A trial court has wide discretion in imposing an
appropriate sentence.  Jackson v. State, 680 S.W.2d 809, 814
(Tex. Crim. App. 1984).  Generally, as long as a sentence
is within the range of punishment and has a factual basis in the record, it
will not be disturbed on appeal.  Nunez v. State, 565 S.W.2d 536, 538
(Tex. Crim. App. 1978).

Brannan does not point to any evidence in the
record that shows that the trial court ignored any portion of the evidence, and
we will not presume that the trial court did so.  Brannan’s sentence of six
years falls within the statutory range of punishment and is well below the
maximum sentence authorized by law.  We hold that the trial court did not abuse
its discretion in assessing Appellant's sentence and overrule his sole point of
error.

Conclusion

            We find no abuse of discretion in the assessment of Brannan’s
sentence.  Therefore, the judgment of conviction is affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed September 9, 2009

Do not publish

[CR25]






ht: bold">D I S S E N T I N G O P I N I O N
                                                                                                    

      I must respectfully dissent to the granting of Wasserman's petition for a writ of mandamus.
      Wasserman labors under a "heavy burden" in attacking Judge Black's ruling denying the
motion to disqualify Fulcher from representing any of his clients in the original suit filed by Smith,
McKinley, and Brooke. See Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex.
1985). He must show that the court reached a decision so arbitrary and unreasonable as to
constitute a clear and prejudicial error of law. See id. Furthermore, he must establish that, under
the circumstances of the case, the facts and law permitted Judge Black to make but one decision,
i.e., to disqualify Fulcher under Rule 1.09.


 See id.; Tex. Disciplinary R. Prof. Conduct 1.09
(1994), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G. app. (Vernon Supp. 1995) (State
Bar Rules art. X, § 9). This court cannot substitute its judgment on factual matters committed to
the trial court's discretion.


 See Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). We can,
however, review the trial court's application of the legal principles controlling its ruling. See id.
at 840.
      Because what record we do have before us conclusively shows, as of the time of the hearing
on the motion to disqualify, that Fulcher was not then representing any clients in an action against
Wasserman, I would hold that the trial court did not clearly abuse its discretion when it concluded
that Fulcher was not disqualified by Rule 1.09.
RULE 1.09
      At the heart of the controversy is the correct interpretation of Rule 1.09. Tex. Disciplinary
R. Prof. Conduct 1.09 (1994). Its plain language prohibits a lawyer from representing another
person in a matter "adverse to the former client." Id. 1.09(a). Interpretive comments to the rule
clearly contemplate that for the rule to apply the representation of a second client must involve a
matter "against" the former client. Id. 1.09 cmts. 1, 2, 3, 4. Therefore, for Rule 1.09 to apply,
Fulcher must be representing another client in a matter "adverse" to Wasserman and, to be
adverse, that matter must be "against" Wasserman.
SUIT BY SMITH, MCKINLEY, AND BROOKE
      When the court heard and denied Wasserman's motion to disqualify, Fulcher was then
representing the City of Teague, Sartor, Shinn, Herrington, and Wylie, as defendants and counter-plaintiffs, in the original suit filed by Smith, McKinley, and Brooke. The court had previously
granted Fulcher's unopposed motion to withdraw as Wasserman's attorney, and thus Fulcher was
no longer representing him as a defendant or counter-plaintiff in the original suit. W.R. Malone
was apparently representing Wasserman in his capacity as a defendant and counter-plaintiff in the
original suit. Therefore, at the time of the hearing, all of Fulcher's clients (City, Sartor, Shinn,
Herrington, and Wylie) were in an adverse position to Smith, McKinley, and Brooke. Wasserman
was also in an adverse position to Smith, McKinley, and Brooke, but he was being represented
by Malone. 
WASSERMAN'S SUIT AGAINST CITY AND SARTOR
      Two of Fulcher's clients (City and Sartor) were in an adverse position to Wasserman at the
time of the hearing on the motion to disqualify because they are cross-defendants in Wasserman's
cross-claim based on wrongful termination and a claim for indemnity. But, at the time of the
hearing, Kenneth R. Stein was representing the City and Sartor in their capacities as cross-defendants on Wasserman's cross-claim. Thus, Stein—not Fulcher—was then representing the
City and Sartor in a matter adverse to Wasserman.
SEPARATE TRIALS
      Moreover, prior to the hearing on the motion to disqualify, the trial court ordered that the suit
by Smith, McKinley, and Brooke against the City, Sartor, Shinn, Herrington, Wylie, and
Wasserman be tried separately from Wasserman's cross-claim against the City and Sartor. 
Accordingly, when the trial occurs on the original suit, the City, Sartor, Shinn, Herrington, and
Wylie will be represented by Fulcher, and Wasserman presumably will be represented by Malone. 
In Wasserman's separate trial on his cross-claim, Stein will be representing the City and Sartor,
and Wasserman will be represented by Malone.


 
RELIEF SOUGHT BY WASSERMAN
      Wasserman seeks a writ of mandamus directing Judge Black to withdraw his order denying
the motion to disqualify and directing him to enter an order disqualifying Fulcher from
representing any litigant. He is thus seeking to have Fulcher disqualified from representing the
City, Sartor, Shinn, Herrington, and Wylie in their capacities as defendants and counter-plaintiffs
in the original suit brought by Smith, McKinley, and Brooke. Wasserman asserts by affidavit that
he never consented to Fulcher's continued representation of any defendants in the original suit. 
He contends that the trial court should have disqualified Fulcher under Rule 1.09 because "it is
to be expected that Mr. Fulcher will attempt to place all blame for any damages suffered by
[Smith, McKinley, and Brooke] upon [Wasserman] rather than his remaining clients, and to aid
Mr. Stein, now apparently lead counsel for the City and Sartor[,] in similar efforts in the separate
trial of [Wasserman's] cross-action." He further argues that to permit Fulcher's continued
participation in the case will "bring further obloquy upon the legal profession by the actuality, and
certainly the appearance, of impropriety."
      Rule 1.09 is the only ground asserted by Wasserman in his motion to disqualify Fulcher. He
cannot show from the record that, at the time of the hearing on the motion, Fulcher was
representing another person in any matter adverse to him (Wasserman), which is a threshold
requirement for the rule's application. See Tex. Disciplinary R. Prof. Conduct 1.09 (1994). 
Setting aside his failure of proof in that regard, he also has not demonstrated from the record that
Judge Black could have made but one decision on a factual matter committed to his
discretion—i.e., whether a reasonable probability then existed that Fulcher's representation of his
clients in the original suit will involve a violation of Rule 1.05. See id. 1.05 (1991), 1.09(a)(2)
(1994). "Whether such a reasonable probability exists in any given case will be a question of
fact." Id. 1.09 cmt. 4 (1994). Nor has he demonstrated from the record that at the time of the
hearing Fulcher was representing another person in the same or a substantially related matter. See
id. 1.09(a)(3) (1994). In fact, the record conclusively establishes the contrary of that proposition. 
      Wasserman's problem is that he is seeking to have Fulcher disqualified under Rule 1.09 even
though he is not representing the City, Sartor, Shinn, Herrington or Wylie in any matter adverse
to him (Wasserman). The City and Sartor are involved in the litigation in two separate legal
capacities: they are defendants and counter-plaintiffs in the suit by Smith, McKinley, and Brooke,
and they are cross-defendants in Wasserman's cross-claim. The City and Sartor are clearly
entitled to be represented by different counsel in each capacity.
      This is not say, however, that Fulcher does not owe Wasserman any continuing duties under
the disciplinary rules. In fact, Fulcher is somewhat hemmed in by having represented Wasserman. 
First, he cannot knowingly use or divulge any confidential information obtained from Wasserman
to Wasserman's disadvantage. See id. 1.05(b)(3) (1991). Consequently, in his representation of
the City, Sartor, Shinn, Herrington, and Wylie in the original suit, Fulcher cannot disclose or use
any confidential information obtained from Wasserman to Wasserman's disadvantage. Nor can
he divulge any such information to Stein, who is representing the City and Sartor in their
capacities as cross-defendants in Wasserman's cross-claim.
      Moreover, during the trial of the suit by Smith, McKinley, and Brooke, Fulcher cannot take
any action on behalf of his clients that would be in any way adverse to Wasserman. See id. 1.06
(1991). This precludes him, for example, from pursuing a trial strategy that would in any way
shift blame to Wasserman for any of the acts alleged against Fulcher's clients in the suit by Smith,
McKinley, and Brooke. His continuing duty of loyalty to Wasserman, as a former client, not only
precludes Fulcher from recommending or filing any cross-claim against Wasserman on behalf of
his clients but prevents him from engaging in any adverse cross-examination of Wasserman. 
Finally, Fulcher cannot assist Stein in any way in the preparation for trial or defense of the City
and Sartor in Wasserman's cross-claim.
      Thus, Fulcher can only represent his clients in the original suit in a way that accommodates
his continuing duty to Wasserman under the disciplinary rules. A potential possible conflict
between the representation of his clients in the original suit and his continuing duty to Wasserman
does not preclude Fulcher from continuing to represent his clients in a matter that is not directly
adverse to Wasserman. See id. 1.06 cmt. 4 (1991). It is for the City, Sartor, Shinn, Herrington,
and Wylie—not Wasserman—to decide whether to proceed with an attorney who must
accommodate Wasserman's continuing interests.


 See id. 
      Wasserman contends, in effect, that the limitations Fulcher has with respect to his clients
disqualifies him from representing them in the trial of a matter that is no way adverse to him
(Wasserman). As already noted, however, that decision lies with Fulcher's clients, not with
Wasserman. More than Wasserman's interests are implicated by the intricate facts. Any attempt
to disqualify Fulcher is of substantial importance to his clients, and their interests must be
considered as well. See id. 1.09 cmt. 9 (1994). 
      Accordingly, I would deny the petition for a writ of mandamus. Wasserman has not
demonstrated from the record that Judge Black could have reached only one decision under the law
and facts and that the decision he reached is so arbitrary and unreasonable as to constitute a clear
and prejudicial error of law. See Johnson, 700 S.W.2d at 917.




                                                                         BOB L. THOMAS
                                                                         Chief Justice

Dissenting opinion issued and filed September 20, 1995
Publish