**NO. 07-14-00434-CR**


IN THE COURT OF APPEALS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

FOR THE SEVENTH DISTRICT OF TEXAS 5/8/2015 2:06:29 PM

AT AMARILLO

VIVIAN LONG
CLERK

_____


KIMEELE CAROLYN BLACK-THOMAS

V.

THE STATE OF TEXAS


_____


ON APPEAL FROM THE 100th DISTRICT COURT
OF CARSON COUNTY;
HONORABLE STUART MESSER
PRESIDING JUDGE
CAUSE NO. 4,889


_____


APPELLANT KIMEELE CAROLYN BLACK-THOMAS'
BRIEF



HARLEY CAUDLE
State Bar No. 24065026
1017 W. 10TH
AMARILLO, Texas 79101
harley@hcaudlelaw.com
(806) 331-7785
(806) 331-7786 - fax

**ATTORNEY FOR APPELLANT
KIMEELE CAROLYN
BLACK-THOMAS**

**NO. 07-14-00434-CR**


IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

_____


KIMEELE CAROLYN BLACK-THOMAS

V.

THE STATE OF TEXAS

_____


ON APPEAL FROM THE 100th DISTRICT COURT

OF CARSON COUNTY;

HONORABLE STUART MESSER


CAUSE NO. 4,889


_____


APPELLANT KIMEELE CAROLYN BLACK-THOMAS'
BRIEF


_____

TO THE HONORABLE JUSTICES OF THE AMARILLO COURT OF APPEALS:

Appellant's Counsel, Harley Caudle, respectfully submits this brief in response to the trial court's judgment which finally adjudicated Appellant KIMEELE CAROLYN BLACK-THOMAS guilty on the offense of Possession of Marijuana, a state jail felony, and assessed a sentence of twenty months in the Texas Department of Criminal Justice State Jail Division.

For convenience, Appellant, KIMEELE CAROLYN BLACK-THOMAS will be referred to as Appellant; and the State of Texas as Appellee. The transcript of the Final Hearing will be referenced by page number.

## STATEMENT OF THE CASE

The Appellant was charged by Indictment by the District Attorney's Office for the one hundredth Judicial District for the state jail felony offense of "Possession of Marijuana".

Appellant filed an Application for Community Supervision and based upon a Plea Bargain Recommendation from the District Attorney's office, Appellant pled guilty to the offense and was given deferred adjudication and placed on community supervision for a term of three years. Appellant waived any rights to appeal of the plea in each case.

The State filed a Motion to Adjudicate alleging that Appellant had violated numerous conditions of probation.

2

On December 5, 2014 a hearing was held to determine if Appellant had violated the conditions of community supervision and then to determine the punishment for Appellant. The hearing was heard by the Honorable Judge Stuart Messer of the 100th Judicial District of Texas.

The Court heard evidence as presented by the State of Texas represented by the 100th Judicial District Attorney Luke Inman and from Appellant as represented by counsel, Erin Mulanax. (RR/1-75) At the conclusion of the hearing, after Appellant pled true to alleged violations contained in the Motion to Adjudicate, the Court found that Appellant had in fact violated those provisions of appellant's probation order as alleged in the Motion to Revoke Probation.(RR/10, 77).

After considering evidence and argument, the Court ordered that, having been found to have violated her community supervision, Appellant be finally adjudicated guilty of the state jail felony offense of Possession of Marijuana and that Appellant be sentenced to twenty months in the Texas Department of Criminal Justice State Jail Division.(RR/77).

## ISSUES PRESENTED

Issue 1:  Actual Innocence of the offense for which Appellant was found guilty.

Issue 2: Ineffective Assistance of Counsel at any stage of proceedings.

Issue 3: Severity of the Punishment

## STATEMENT OF FACTS

Appellant appeals the 100th Judicial Court's sentencing of Appellant. The Court determined based upon the evidence that Appellant had in fact violated conditions 7, 8 and 10 of appellant's probation order as alleged in the Motion to Revoke. (RR/10, 77-78).

Appellant admitted to a violation of conditions 7, 8 and 10(RR/10).

Mark WHite of the 100th District Community Supervision and Corrections Department was the only witness called by the State (RR/11). He testified that he conducted the probation intake on June 4, 2012 when the Appellant pled guilty to the felony offense of Possession of Marijuana, was placed on deferred adjudication and was placed on community supervision for a period of three years. (RR/13-15).  He then testified that Appellant had been noncompliant with her conditions of probation (RR/17-21).  He testified that Appellant had failed to report in writing, failed to make required payments and failed to complete required community service. (RR/17-21).

4

## SUMMARY OF THE ARGUMENT

After an exhaustive review of the trial court's transcript and the record in this cause, Appellant could raise several points for appeal including, (1) that there was insufficient evidence to convict her or to revoke her community supervision, (2) that her attorney at the original plea, or her attorney at the adjudication hearing was ineffective; and (3) that the twenty month sentence was inappropriate.

A thorough examination of the transcript, exhibits, and case law regarding the issues reveals that the Court's decisions on the adjudication portion of the case are backed by reasonable evidence and are not appealable and cannot be reviewed by this Appellate Court. Further, the law, and evidence will show that Appellant's counsel was not ineffective. Finally, the trial court was within his discretion in sentencing the appellant within the range of punishment.

## ARGUMENT

## ANDERS BRIEF IN SUPPORT OF MOTION TO WITHDRAW

Now comes Harley D. Caudle, Court appointed counsel for KIMEELE CAROLYN BLACK-THOMAS, Appellant in this appeal, and files this brief in support of his Motion to Withdraw. In support of counsel's diligent effort to find a meritorious ground for appeal counsel would show the following:

5

## ISSUE 1.

## ANY ISSUES CONCERNING THE ORIGINAL PLEA OR THE ADJUDICATION ARE UNABLE TO BE APPEALED

To the extent that appellant now questions the evidence underlying the evidence of her guilt for the original charge, established law bars appellate courts from considering the matter. *Pena, Jr. V. State* (No. 07-03-0511-CR 7th Court of Appeals August 2005); *Manuel V. State,* 994 S.W. 2d 658, 661-662 (Tex. Crim. App. 1999). Appellant waived her right to appeal any issues which occurred at the time of his plea of guilty on June 4, 2012. (CR).

On reviewing the testimony and the findings made by the Court, it is clear that Appellant had failed to report in writing, failed to make required payments and failed to perform required community service, all being violations of Appellant's community supervision. Thus, the Court did not err in finding that Appellant had violated provision 2 (RR/10, 77). If any conditions of probation have been violated by Appellant, then the court has the right to proceed to final adjudication and sentencing.

## ISSUE 2.

## INEFFECTIVE COUNSEL AT ANY LEVEL OF PROCEEDINGS BEFORE THE COURT.

Appellant may wish to urge ineffective assistance of counsel for her trial counsel at both the original plea hearing, and at the motion to adjudicate hearing. Said

6

complaint must come from actions of appellant's counsel at the respective hearings. This court must evaluate any claim of ineffectiveness of counsel under the standard enunciated in *Strickland* v. *Washington,* 466 U.S. 668 (1984); *Hernandez v. State,* 988 S.W. 2d 770 (Tex. Crim. App. 1999); *Calloway* v. *State,* (No. 05-03-00927 5th Court of Appeals September 2005). To prevail on his claim, appellant must show (1) counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *Strickland,* 466 U.S. at 687-88, 694. The review of counsel's performance should be highly deferential, and it is presumed that counsel provided reasonable assistance. *Bone* v. *State, 11* S.W. 3d 828, 833 (Tex. Crim. App. 2002) Ordinarily, counsel should not be condemned as unprofessional or incompetent without an opportunity to explain the challenged actions. Id. At 836. When the record is silent regarding counsel's reasons for his conduct, the court should defer to counsel's decisions if there is at least the possibility that the conduct could have been legitimate trial strategy. *Calloway,* at 2.

In the case at hand, the record reflects that Appellant did not raise an objection of his trial counsel's assistance at the time of the original plea, and that she waived any appealable issues at the time of the plea hearing. Further, she at no time raised an objection to any of her counsel's actions at the time of her hearing on the

7

State's motion to adjudicate.  From the face of the proceedings, Appellant's counsel on the Motion to adjudicate hearing brought forth all of Appellant's objections, and attempted to show the facts as Appellant wanted them presented.

At no time was an objection made as to the effectiveness of Appellant's counsel.  It does not appear that given the deference required that Appellant's counsel failed to meet any other requirements of effectiveness. Therefore, based upon the above stated law, the court should find that there is no ineffectiveness of counsel.

## ISSUE 3.

### SEVERITY OF THE PUNISHMENT.

In this Court's review of the trial judge's determination of the appropriate punishment a great deal of discretion is allowed the sentencing judge. *Jackson* v. State, 680 S.W. 809 (Tex. Crim. App. 1984) Furthermore, the sentencing judge's decision will not be disturbed on appeal absent a showing of abuse of discretion and harm. *Jackson v. State,* 680 S.W. 809 (Tex. Crim. App. 1984); *Hogan* v. *State,* 529 S.W. 515 (Tex. Cr. App. 1975) It is also the general rule that as long as a sentence is within the proper range of punishment it will not be disturbed on appeal. *Jackson v. State,* 680 S.W. 809 (Tex. Crim. App. 1984); *Nunez v. State,* 565 S.W. 2d 536 (Tex. Cr. App. 1978)

8

In the instant case, Appellant was sentenced to twenty months imprisonment.

The Appellant's sentence was clearly within the range of punishment as Appellant was sentenced to twenty months which is less than the maximum punishment of for a state jail felony, same being twenty four months. Furthermore, the court could consider all of the evidence presented at the adjudication hearing. In this case the court clearly had evidence to support his ruling.

## CONCLUSION

After reviewing the relevant case law and reviewing the trial hearing transcript, Counsel cannot find a non-frivolous ground for appeal that would affect the outcome of the trial court's adjudication and sentence.

## PRAYER

Counsel for Appellant requests that the Court allow counsel to withdraw and provide Appellant additional time to file any additional pro se brief in support of her appeal.

Respectfully Submitted,


Harley D. Caudle
1017 W. 10th
Amarillo, TX 79101
harley@hcaudlelaw.com
PH: (806) 331-7785
FAX: (806) 331-7786




By: /s/ Harley D. Caudle
    Harley D. Caudle
    State Bar No. 24065026
    Attorney for Appellant
    NATHAN ONEAL DAVIS


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served on the following counsel of record and parties by certified mail, addressed as follows on this 8th day of May 2015:


/s/ Harley D. Caudle
Harley D. Caudle
Attorney for Appellant
KIMEELE CAROLYN BLACK-THOMAS


KIMEELE CAROLYN BLACK-THOMAS
TDCJ #01967595
Lucile Plane State Jail
Texas Department of Criminal Justice
904 FM 686
Dayton, Texas  77535

Luke M. Inman
100th Judicial District Attorney
State Bar No. 24050806
800 West Avenue, Box 1
Wellington, Texas 79095

Erin Mulanax
Stockard, Johnston & Brown
1800 S. Washington, Ste. 115
Amarillo, Texas  79102


## <u>CERTIFICATE OF COMPLIANCE</u>

I, Harley D. Caudle, hereby certify that the above and foregoing Appellant's Brief is <u>1,896</u> words in its completion, signed on this 8th day of May 2015, in accordance with the rules governing same.


<u>/s/ Harley D. Caudle</u>
Harley D. Caudle

11

# APPENDIX

INDEX TO APPENDIX

1.    Order of Deferred Adjudication

2.    Judgment Adjudicating Guilt

3.    Trial Court's Certification of Defendant's Right to Appeal

4.    Letter to Appellant